*In re* ESTATE OF LARRY COOPER, a Minor, Petitioner-Appellee.
First District (2nd Division)   No. 86—2064

Opinion filed May 26, 1987.

David M. Harris, of Greensfelder, Hemker, Wiese, Gale & Chappelow, P.C., of St. Louis, Missouri, for appellant.

Mitchell L. Hoffman, of Albert Brooks Friedman, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

On June 12, 1985, a structured settlement of the personal injury claim of Larry Cooper, a minor, was made between Allstate Insurance Company (Allstate) on behalf of its insured and Mattie Cunningham (Cunningham), as parent and guardian of said minor. Apart from a cash payment to cover fees and costs to the attorneys for the estate of Larry Cooper, the settlement called for Allstate to purchase an annuity contract that would pay Larry Cooper, or his estate if he does not survive: $46,758.91 on December 5, 1998; $99,915.57 on December 5, 2005; and $140,136.74 on December 5, 2010. Cunningham, as parent and guardian, also agreed to indemnify and hold Allstate and its insured harmless from any third-party lien upon the proceeds of the compromise.

The following day, June 13, 1985, an order was entered duly appointing Cunningham guardian of the estate and person of Larry Cooper, then four years old. The order also authorized the guardian to execute and deliver the settlement agreement and releases and to accept the consideration recited above. The order further recited the fact that hospital liens were "undetermined" on that date.

A petition to adjudicate the liens of six hospitals, including Cardinal Glennon Children's Hospital's lien in the sum of $57,252.76, was

filed by the estate on September 5, 1985. Five hospitals did not appear; therefore, their liens were discharged.

On May 2, 1986, a hearing was held. On June 27, 1986, the trial court entered its judgment in favor of Cardinal Glennon Children's Hospital in the sum of $57,252.76, but denied enforcement of the lien and judgment as "premature in that there are no assets presently in the possession of the Estate against which the lien may be enforced."

Cardinal Glennon Children's Hospital (the hospital) appeals the denial of enforcement of its lien. The estate has cross-appealed alleging that the trial court erred in finding a valid lien pursuant to the Hospital Lien Act (Ill. Rev. Stat. 1985, ch. 82, par. 97 *et seq.*).

The issues presented are: (1) whether the trial court erred in finding that the hospital had a valid lien under the Hospital Lien Act; and (2) whether the trial court erred in refusing to direct the estate to satisfy the hospital's lien.

I

The estate argues that the hospital's lien is invalid because a written notice was not served on Larry Cooper or his guardian. The Hospital Lien Act (the Act) requires that in order for a hospital to perfect a lien, "a notice in writing *** shall be served on both the injured person and the party against whom such claim or right of action exists." Ill. Rev. Stat. 1985, ch. 82, par. 97.

■ Strict compliance with the Act regarding notice is not necessary in certain circumstances. All that is required is actual notice of such lien prior to settlement and preservation of the fund for adjudication of the lien. *Illini Hospital v. Bates* (1985), 135 Ill. App. 3d 732, 735, 482 N.E.2d 235, *appeal denied* (1985), 111 Ill. 2d 556.

■ In the case at bar, the estate recognized the hospital's lien, preserved the fund, and initiated its "Petition to Adjudicate Liens" to obtain an order dealing with the amount and time of payment. The trial court made a specific finding that the estate had actual notice of the lien and preserved the settlement fund. In addition, the trial court correctly stated: "You [the estate] asked me to adjudicate that lien and I am going to adjudicate the lien that you said was present."

In light of the foregoing, the estate cannot now deny the existence of a valid lien.

II

■ This appeal involves the interpretation and effect of the words "paid or due" in the Hospital Lien Act (Ill. Rev. Stat. 1985, ch. 82, par. 97). The hospital argues that the annuity payments, which are

to be disbursed to Larry Cooper in the years 1998, 2005, and 2010, are currently "paid or due" and that therefore they should be paid to the hospital immediately by ordering a liquidation of the annuity and purchasing another annuity with the balance remaining.

The only asset in the estate is the annuity contract. The estate was opened as a vehicle to facilitate the settlement of a personal injury claim. The settlement, as approved by the trial court, defers any payments to Larry Cooper for 12 years, until he reaches the age of 18.

In *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073, *appeal denied* (1979), 79 Ill. 2d 613, the defendant settled a claim by purchasing an annuity that would pay the plaintiff a specific annual sum for life. *O'Donnell* held that a claim for enforcement of a hospital lien is premature prior to the actual payment of funds to the injured party under an annuity contract. "[A]t the time of the trial court's orders, plaintiff had not received any annuity payments. Consequently, no sums were either 'paid or due to said injured person' under the language and meaning of section 1. Therefore, the [lienholder's] claim to full enforcement of its lien at the time of the orders complained of is premature." 71 Ill. App. 3d 1, 13, 388 N.E.2d 1073.

In the case at bar, the first payment under the annuity contract will be paid to the annuitant, whether he lives or dies, in 1998. We therefore conclude that no funds are presently "paid or due" within the purview of the Act. The trial court properly refused to enforce the lien as premature.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and STAMOS, J., concur.