PETER J. MEIER, JR., Plaintiff-Appellee, v. LOUIS E. OLIVERO *et al.*, Defendants-Appellants.

Third District    No. 3—95—0682

Opinion filed May 7, 1996.

Louis E. Olivero (argued), of Louis E. Olivero & Associates, of Peru, for appellants.

Karen C. Eiten (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The defendant, Louis Olivero, appeals from the trial court's grant of summary judgment to the plaintiff, Dr. Peter J. Meier. Olivero claims that Dr. Meier failed to properly perfect a physician's lien and was thus not entitled to recover on the lien. We hold that Dr. Meier did not perfect a valid lien because he failed to include necessary information in his notice of lien. Therefore, we reverse.

This matter arose out of Louis Olivero's representation of Julius Donaldson in a personal injury claim against Luehrs' Ideal Rides, Inc. Donaldson settled his claim for $6,202.95. However, Donaldson received medical services for the injuries that formed the basis of his claim and owed several medical providers for those services. Dr. Meier was one of the providers.

Prior to the settlement of this claim, Dr. Meier sent Olivero a notice in which he claimed a lien of $1,250 against the amount recovered by Donaldson in his personal injury case. Thus, when Donaldson settled his claim in February 1992, Olivero distributed one-third of the settlement amount on a *pro rata* basis to each of the medical providers, including the hospital. Olivero determined that Dr. Meier's *pro rata* share of the settlement proceeds was $412.50 and sent him a check in that amount.

In September 1992, Dr. Meier filed a complaint against Olivero and Donaldson alleging that they failed to satisfy the lien in the amount required by the Physicians Lien Act. 770 ILCS 80/1 (West 1994). After several unsuccessful attempts to serve Donaldson, the court granted Dr. Meier's motion to dismiss Donaldson as a defendant. Dr. Meier then filed a motion for summary judgment, and Olivero filed a motion to dismiss.

In his motion to dismiss, Olivero claimed that Dr. Meier's notice of lien was defective because it did not comply with the requirements of the physician's lien statute. Specifically, the lien did not include Donaldson's address, Dr. Meier's address, the date of the injury or the name of the party alleged to be liable to Donaldson. Olivero also argued that Dr. Meier did not follow the statutory requirements for serving the notice. Dr. Meier failed to serve the notice of lien on either Donaldson or Luehrs' Ideal Rides, Inc. He did send a notice to Olivero by regular mail, although the statute does not specify that such a notice be sent to the injured person's attorney.

In his motion for summary judgment, Dr. Meier pointed out that physicians' liens are to be distinguished from hospital liens. Where the total amount of physicians' liens exceeds one-third of the settlement amount, the physicians are entitled to a *pro rata* share of one-

third of the settlement amount. Dr. Meier argued that Olivero failed to properly apply the statute by including the hospital lien in the *pro rata* distribution of one-third of the settlement amount. He thus claimed he was entitled to $1,167.50.

The trial court found that Dr. Meier had substantially complied with the statutory notice requirements and that Olivero recognized and acted on the lien by paying Dr. Meier his *pro rata* share of the settlement proceeds. The court thus denied Olivero's motion to dismiss and granted summary judgment to Dr. Meier.

On appeal, Olivero first renews his claim that Dr. Meier's lien was not perfected because it failed to include necessary information.

■ According to the Physicians Lien Act:

"Every licensed physician practicing in the State who renders services by way of treatment to injured persons *** shall have a lien upon all claims and causes of action for the amount of his reasonable charges ***.

Provided, however, that the total amount of all liens hereunder shall not exceed ¹/₃ of the sum paid or due to the injured person on the claim or right of action, and provided further, that the lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the licensed physician practicing in this State, and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, which notice shall be served on both the injured person and the party against whom such claim or right of action exists.

***

Service shall be made by registered mail or in person." 770 ILCS 80/1 (West 1994).

■ While there are no published cases that address the validity of a physician's lien that does not comport with the substantive requirements of the statute, Dr. Meier has not argued that physicians' liens should be treated differently from other statutory liens. Illinois has provided for various liens by statute dating as far back as 1872. See Liens Against Railroads Act, 1871-72 Ill. Laws 279. Since that time, Illinois has enacted 20 different types of statutory liens. Included among these enactments are liens that benefit attorneys (770 ILCS 5/1 *et seq.* (West 1994)), commercial real estate brokers (770 ILCS 15/1 *et seq.* (West 1994)), horseshoers (770 ILCS 30/1 *et seq.* (West 1994)), hospitals (770 ILCS 35/1 *et seq.* (West 1994)), innkeepers (770 ILCS 40/1 *et seq.* (West 1994)), mechanics (770 ILCS 60/1 *et seq.* (West 1994)), miners (770 ILCS 65/1 *et seq.* (West 1994)) and physicians (770 ILCS 80/1 *et seq.* (West 1994)). Although lien laws are liberally construed to effect the purpose intended by the legislature, liens cre-

ated by statute are limited in operation and extent by the terms of the statute. 51 Am. Jur. 2d *Liens* §§ 11, 38 (1970); see *Gaskill v. Robert E. Sanders Disposal Hauling*, 249 Ill. App. 3d 673, 619 N.E.2d 235 (1993) (physicians' liens are limited in operation by terms of statute). A legislative enactment that prescribes the conditions essential to the existence and preservation of a statutory lien may not be disregarded. See 51 Am. Jur. 2d *Liens* § 39 (1970); *Watson v. Watson*, 218 Ill. App. 3d 397, 578 N.E.2d 275 (1991) (mechanic's lien is not valid unless each of the statutory requirements is scrupulously observed); *Unger v. Checker Taxi Co.*, 30 Ill. App. 2d 238, 174 N.E.2d 219 (1961) (party seeking to enforce attorney's lien must strictly comply with statutory requirements).

■ Dr. Meier's lien did not include Donaldson's address, Dr. Meier's address, the date of the injury or the name of the party alleged to be liable to Donaldson. Each of these items is required by the Physicians Lien Act in order to perfect a valid lien. Since Dr. Meier did not observe these statutory requirements, he failed to perfect a valid lien.

Citing *In re Estate of Cooper*, 156 Ill. App. 3d 270, 509 N.E.2d 582 (1987), Dr. Meier argues that strict compliance with the Physicians Lien Act is not required. In *Cooper*, the guardian for the estate of an injured minor filed a petition to adjudicate a hospital's lien. The trial court entered judgment in favor of the hospital despite the estate's contention that the hospital had not served notice on the minor or his guardian. The estate pointed out that the Hospital Lien Act requires service of a notice of lien on both the injured person and the party against whom the injured party's claim exists. See 770 ILCS 35/1 (West 1994). On appeal, the court held that strict compliance with the requirements for serving the notice of lien was not necessary where the estate had actual notice of the lien and had filed the petition to adjudicate the lien. The court thus held that the estate could not deny the existence of the lien. Although *Cooper* involved the operation of the Hospital Lien Act, the operative language of that statute is identical to the language of the Physicians Lien Act. Compare 770 ILCS 35/1 (West 1994) with 770 ILCS 80/1 (West 1994).

In the case at bar, as in the *Cooper* case, Olivero had actual notice of the lien despite Dr. Meier's failure to properly serve the notice. Unlike the *Cooper* case, however, Olivero did not file a petition to adjudicate the lien. Further, Dr. Meier's notice of lien did not contain the substantive information required by the statute. Because perfection of a statutory lien requires strict compliance with the statutory requirements, we hold that Dr. Meier did not perfect a valid lien. Accordingly, we reverse the trial court's grant of summary judgment for Dr. Meier and grant Olivero's motion to dismiss.

Olivero also argues that the trial court erred by failing to include the hospital lien when determining Dr. Meier's *pro rata* share of one-third of the settlement amount. However, since Dr. Meier failed to perfect a lien, we need not address this argument.

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed.

Reversed.

LYTTON and MICHELA, JJ., concur.