SIXTH DIVISION
 March 31, 1997

No. 1-95-3386
SAL CIRRINCIONE, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) Cook County.
 )
 v. )
 )
MICHAEL JOHNSON, ) Honorable
 ) Charles Wilhelm,
 Defendant-Appellant. ) Judge Presiding.

 PRESIDING JUSTICE GREIMAN delivered the opinion of the
court:
 Sal Cirrincione (plaintiff) brought this action to recover
$3,700 in damages from Michael Johnson (defendant), an attorney,
representing the value of chiropractic services rendered to
defendant's injured client, Gil Johnson (Johnson). Following a
jury trial, a verdict was entered in favor of plaintiff in the
amount of $15,800, including punitive damages. Defendant argues
on appeal that plaintiff has failed to state a cognizable cause
of action pursuant to the Physicians' Lien Act (the Act) (770
ILCS 80/01 (West 1994)) or alternative, common law remedies, and
that, in any event, punitive damages are not assessable in this
genre of cases. For the reasons that follow, we affirm in part
and reverse in part.
 In December 1985, Johnson was injured in an automobile
accident. Johnson subsequently received chiropractic services
from plaintiff in May 1986. At the same time, Johnson retained
Lawrence Fox (Fox) to represent him in a suit against the driver
of the other vehicle. 
 While Johnson's personal injury suit was pending, plaintiff
and Fox discussed how and when plaintiff would be paid for the
services provided to Johnson. Fox advised plaintiff to file a
physician's lien pursuant to the Act. Plaintiff procured a form
from an associate that was to be signed by Johnson, the
patient/client, authorizing plaintiff to provide Johnson's
attorney with a report of "his examination, diagnosis, treatment,
prognosis" in connection with "an accident in which [Johnson] was
recently involved." The document also authorized the attorney to
pay the plaintiff for medical services directly out of any
settlement or judgment.
 Perhaps even more significant is the following provision:
 "And I hereby further give a Lien on my case to said
 doctor against any and all proceeds of my settlement,
 judgment or verdict which may be paid to you, my
 attorney, or myself, as the result of the injuries in
 connection therewith."
 Additionally, the document provides:
 "I hereby instruct that in the event another attorney
 is substituted in this matter, the new attorney honor
 this lien as inherent to the settlement and enforceable
 upon the case as if it were executed by him." 
 Fox assured plaintiff that this form would be adequate to
ensure his right to payment.
 Shortly thereafter, Fox received appointment to the circuit
court of Cook County and referred the case to defendant. Several
months later, plaintiff called Fox and learned that defendant was
now representing Johnson. Plaintiff testified that during a
subsequent telephone conversation with defendant, defendant found
the document and stated that "everything was okay." 
 Judge Fox testified that he discussed the lien with
defendant and advised defendant of plaintiff's expectation to be
paid from any settlement funds. Fox further testified that
defendant "agreed" that the lien was "valid," although on cross-
examination Fox stated that the two never specifically discussed
the validity of the document.
 In August 1988, plaintiff submitted an itemized statement of
bills and a report documenting the treatment prescribed to
Johnson to Country Mutual Insurance Company, but he did not
include a physician's notice of lien form. In April 1988, the
insurance carrier sent a "med-pay" check to defendant in the
amount of $3,744, which defendant, rather than paying plaintiff,
distributed to Johnson after deducting his fee. However,
defendant maintains that the insurance company stopped payment on
the check after learning that Johnson had not paid plaintiff for
the services provided to him. No cancelled check is in the
record.
 Seven months later, plaintiff spoke with defendant and
discovered that Johnson's action had been settled for $50,000.
Plaintiff demanded payment for his services. Defendant refused
payment and told plaintiff that he would not be paid from the
settlement proceeds because Johnson had informed him that Johnson
had already paid plaintiff.
 On October 4, 1990, plaintiff filed a complaint against both
Johnson and defendant alleging violations of the Act and
unreasonable nonpayment of fees. Plaintiff was given leave to
amend his complaint three years later to add the following
relevant allegations: (1) violation of the Act against both
defendant and Johnson for failure to honor plaintiff's "valid and
enforceable lien"; (2) conversion of the $3,744 "med-pay" check
against defendant; (3) defendant's refusal to honor the
physician's lien constituted wilful and wanton misconduct
warranting the award of punitive damages; and (4) an "equitable
lien" theory of recovery was available.
 Plaintiff obtained a default judgment against Johnson but
failed to prove-up damages. Instead, plaintiff proceeded to 
trial against defendant on the allegations of the complaint.
During trial, the court ruled, as a matter of law, that plaintiff
had perfected a valid lien and later instructed the jury to this
effect. The jury returned a verdict of $15,800 in favor of
plaintiff. The trial court denied defendant's motions for post-
trial relief. Defendant now appeals.
 The Act provides in part:
 "Every licensed physician practicing in this State
 who renders services by way of treatment to injured
 persons, except services rendered under the provisions
 of the Workers' Compensation Act or the Workers'
 Occupational Diseases Act, shall have a lien upon all
 claims and causes of action for the amount of his
 reasonable charges up to the date of payment of such
 damages.
 Provided, however, that the total amount of all
 liens hereunder shall not exceed 1/3 of the sum paid or
 due to the injured person on the claim or right of
 action, and provided further, that the lien shall in
 addition include a notice in writing containing the
 name and address of the injured person, the date of the
 injury, the name and address of the licensed physician
 practicing in this State, and the name of the party
 alleged to be liable to make compensation to such
 injured person *** and the party against whom such
 claim or right of action exists. 
 ***
 Service shall be made by registered or certified
 mail or in person." (Emphasis added.) 770 ILCS 80/1
 (West 1994).
 It is undisputed that plaintiff's lien does not comply with
the Act's statutory requirements in the following respects: (1) 
it does not contain Johnson's address; (2) it does not give the
date of Johnson's injury; (3) it does not list the name of the
party or parties liable for Johnson's injuries; (4) it fails to
give the name of the tort defendant, Mr. Lacalamita (the other
driver in the 1985 auto accident); and (5) no attempt was made to
serve Mr. Lacalamita, his insurance carrier or Johnson's
insurance carrier.
 The Act, by its terms, imposes a lien for medical services
rendered upon the claims of injured persons who have causes of
action against third parties. The Act further sets out the manner
and form of the notice required to give effect to the lien.
 As a general principle, we first acknowledge that although
statutes imposing liens are liberally construed to effectuate the
purpose intended by the enacting legislation, statutory liens are
limited in operation and extent by the terms of the statute. 51
Am Jur.2d Liens, sec. 11, 38 (1970); Gaskill v. Robert E. Sanders
Disposal Hauling, 249 Ill. App. 3d 673 (1993). 
 However, in In re Estate of Cooper, 156 Ill. App. 3d 270
(1987), the court found that strict compliance with the
requirements of serving and content of the notice of lien was not
necessary where the party to be charged filed a petition to
adjudicate the lien, although no notice of lien had been served
upon it. The court held that the act of requesting adjudication
waived the requirements of the statute. Cooper, 156 Ill. App. 3d
at 272.
 In the case at bar, the party to be charged, Johnson,
acknowledged the existence of the lien. What was then to be
expected of the plaintiff? Would he be expected to prepare and
serve a notice of lien? To be sure, the statute requires that he
give notice to the parties against whom Johnson's claim is
directed and that was not done, but this action is not against
the insurance carrier or its insured. It is against the party and
attorney of the person who gave written acknowledgement of the
lien. The Act does not, in any event, require notice of the lien
to the attorney for the party to whom the services have been
rendered.
 Our supreme court has long recognized an exception to the
general rule of strict construction:
 "The doctrine of strict construction was never meant to
 be applied as a pitfall to the unwary, in good faith
 pursuing the path marked by statute, nor as an
 ambuscade from which an adversary can overwhelm him for
 an immaterial misstep. Its function is to preserve the
 substantial rights of those against whom the remedy
 offered by statute is directed, and it is never
 employed otherwise." United Cork Companies v. Volland,
 365 Ill. 564 (1937); see also First Federal Savings &
 Loan Association v. Connelly, 97 Ill. 2d 242, 251
 (1983); Granite City Lime & Cement Co. v. Board of
 Education of School District No. 126, 203 Ill. App.
 134, 140 (1916) ("The object and purpose of the lien
 law is to protect those who in good faith furnish
 materials for the construction of buildings, and such
 persons ought not by a strict construction to be
 deprived of this remedy").
 To allow defendant to later ignore plaintiff's lien,
claiming technical deficiencies, is at variance with the purpose
of this and other lien laws. See Bloom v. Richardson, 308 Ill.
App. 320 (1941) (abstract of op.) (attorney's lien act is
intended to protect one not having actual notice of a claim for
lien and not to afford a technical defense by means of which to
defeat a valid claim). As this court has observed in the past,
"there is authority which favors some flexibility in applying the
general rules, so that the statute's provisions are not construed
so technically that its remedial purpose is undermined and all
but lost in the process." Aluma Systems, Inc. v. Frederick Quinn
Corp., 206 Ill. App. 3d 828, 839 (1990). 
 We hold similarly that defendant cannot deny the existence
of plaintiff's valid physician's lien under the umbrella of
strict construction. Put simply, defendant was in possession of
the acknowledgement of the lien, was aware of Johnson's intent to
be bound by it, and assured both Fox and plaintiff that the lien
would be honored.
 We recognize that our decision is at variance with a recent
opinion of the third district in Meier v. Olivero, 279 Ill. App.
3d 630 (1996). In Meier, a physician sent notice to his former
patient's attorney in which he claimed a lien of $1,250 against
the amount recovered by the patient in his personal injury case.
When the case settled, the attorney distributed one-third of the
settlement amount on a pro rata basis to various medical
providers, including the plaintiff physician. However, the
physician determined that the attorney had miscalculated his
share of the proceeds, and filed a complaint against the attorney
alleging violation of the Act. Meier, 279 Ill. App. 3d at 631.
 The notice of lien in Meier contained the same deficiencies
as are at issue in the present case. The Meier court concluded:
 "Dr. Meier's lien did not include Donaldson's address,
 Dr. Meier's address, the date of the injury or the name
 of the party alleged to be liable to Donaldson. Each of
 these items is required by the Physicians Lien Act in
 order to perfect a valid lien. Since Dr. Meier did not
 observe these statutory requirements, he failed to
 perfect a valid lien." Meier, 279 Ill. App. 3d at 633.
 The Meier court declined to enforce the lien despite the
fact that the attorney acknowledged the lien, had actual notice
of the lien and paid the physician from the settlement proceeds
as directed by the Act. Although the attorney recognized,
acknowledged and disbursed funds pursuant to the Act, the
Meier court refused to enforce the physician's lien because
notice was deficient. This is the worshipping of form over
substance.
 The first paragraph of the Act imposes and describes the
lien that is created by the rendering of medical services. The
next paragraph sets out the requisites of the notice and the
parties to be served to impress the proceeds of a settlement or
verdict with the lien. In Cooper, the requirements of the second
paragraph were fulfilled by the filing of a petition to
adjudicate the lien. In Meier, the court believed that the
payment to a purported lien-holder was not a sufficient act to
warrant the imposition of the lien. We see no material difference
between filing a petition to adjudicate the lien and actually
paying the lien-holder pursuant to the Act.
 If anything, the case at bar is stronger than Cooper or
Meier. Actual notice coupled with the written acknowledgement by
the party to be charged and acknowledgement by counsel should be
sufficient to waive the requisites of the Act as in Cooper. We
therefore disagree with Meier and support the trial court's
finding that the lien was, as a matter of law, valid and
enforceable.
 Lest attorneys feel that they are now unnecessarily at risk,
it should be noted that the Act specifically bars the imposition
of good-faith payments made without notice of the lien.
 However, we are compelled to vacate the jury's award of
punitive damages. Punitive damages are not favored in Illinois
and must be closely scrutinized. Kelsay v. Motorola, Inc., 74
Ill. 2d 172, 188 (1978). Punitive damages are not authorized by
the Act, nor are they generally available in actions for breach
of contract, because a party suing for breach is entitled only to
the benefit of his bargain and the purpose of awarding damages is
to place the injured party in the position he would have been in
had there been no breach. Bank of Illinois v. Bill's King City
Stationary, Inc., 198 Ill. App. 3d 434 (1990). Since punitive
damages were not available pursuant to the Act or a breach of
contract claim, which is the best interpretation of plaintiff's
alternative cause of action, we reverse the jury's award of
$15,800. We affirm its finding of liability and, pursuant to
Supreme Court Rule 366 (155 Ill. 2d R. 366), enter judgment for
plaintiff and against defendant in the amount of $3,700,
representing the value of the medical services provided to
Johnson. 
 Affirmed in part; reversed in part.
 ZWICK, J., and QUINN, J., concur.