Docket Nos. 83233, 83284 cons.–Agenda 32–May 1998.

SAL CIRRINCIONE, Appellee, v. GIL JOHNSON (Michael 

 Johnson, Appellant).

Opinion filed October 1, 1998.

JUSTICE HEIPLE delivered the opinion of the court:

The issue before us is whether technical deficiencies are sufficient to invalidate a lien under the Physicians Lien Act. 770 ILCS 80/1 (West 1996). The circuit court of Cook County held valid a lien missing information required by statute, and awarded plaintiff compensatory and punitive damages. The appellate court affirmed the validity of the lien, but reversed the punitive damages award. 287 Ill. App. 3d 683. We affirm the appellate court's judgment as to the validity of the lien, but reinstate the jury's award of punitive damages.

BACKGROUND

In December 1985 Gil Johnson was injured in an automobile accident and was treated by plaintiff, Sal Cirrincione, a chiropractor. Plaintiff filed a physician's lien with Johnson's attorney, Lawrence Fox. The lien, signed by Johnson, authorized Fox to pay plaintiff out of any settlement or judgment proceeds from Johnson's personal injury suit against the driver of the other vehicle in the accident, and also required that any new attorney retained by Johnson honor the lien. Shortly thereafter, Fox was appointed to the bench, and Johnson retained defendant, attorney Michael Johnson (no relation). Both Fox and plaintiff discussed plaintiff's lien with defendant. Plaintiff asserts that defendant assured him that the lien was acceptable, while defendant contends that he told plaintiff the lien was faulty and advised him to complete a new lien.

In August 1988 plaintiff submitted reports and documentation regarding his treatment of Johnson to Country Mutual Insurance Company. The insurance company sent a medical payment check to defendant in the amount of $3,744. Defendant did not pay plaintiff with these funds; rather, he released the money to Johnson after deducting his fee. Defendant maintains, however, that the insurance company stopped payment on the check and that neither he nor Johnson received any money. Several months later, plaintiff contacted defendant and discovered that the case had been settled for $50,000. When plaintiff demanded payment pursuant to the lien, defendant refused, responding that Johnson had told him that he had already paid plaintiff.

In 1990 plaintiff filed this action against defendant. The relevant allegations in plaintiff's complaint assert that defendant violated the Physicians Lien Act; that he exercised unauthorized control over funds belonging to plaintiff; and that defendant's actions constituted willful and wanton misconduct justifying punitive damages. The case proceeded to a jury trial, where the court ruled as a matter of law that the lien was a valid physician's lien. The jury awarded plaintiff $3,700 in compensatory damages plus $12,100 in punitive damages. The appellate court affirmed the compensatory award, agreeing that the lien was valid; but reversed the punitive damages award, holding that such damages were unavailable in this case. 287 Ill. App. 3d 683. The appellate court's decision to uphold the validity of the lien despite its deficiencies conflicted with another appellate case, 
Meier v. Olivero
, 279 Ill. App. 3d 630 (1996). Defendant filed a petition for leave to appeal and plaintiff filed a cross-petition. This court consolidated and allowed the petitions. 166 Ill. 2d R. 315.

ANALYSIS

The Physicians Lien Act provides in pertinent part:

“Every licensed physician practicing in this State who renders services by way of treatment to injured persons *** shall have a lien upon all claims and causes of action for the amount of his reasonable charges up to the date of payment of such damages.

*** [T]he lien shall *** include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the licensed physician practicing in this State, and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, which notice shall be served on both the injured person and the party against whom such claim or right of action exists.” 770 ILCS 80/1 (West 1996).

It is undisputed that plaintiff's lien did not comply with the statute in the following respects: (1) it did not contain Johnson's address; (2) it did not give the date of Johnson's injury; (3) it did not list the name of the party or parties liable to make compensation for Johnson's injuries; (4) it failed to give the name of the tort defendant, that is, the other driver in the automobile accident; (5) no attempt was made to serve the tort defendant or his insurance carrier.

Are these deficiencies sufficient to defeat the lien? Defendant argues that the lien is a creation of statute, and that it must therefore strictly conform to the statute's requirements. This court has emphasized, however, that technical deficiencies should not be allowed to overwhelm the purpose of a lien statute:

“The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of those against whom the remedy offered by the statute is directed, and it is never employed otherwise.” 
United Cork Cos. v. Volland
, 365 Ill. 564, 572 (1937).

 In this case, the rights of the parties have not been prejudiced by the technical deficiencies in the lien. Both defendant and Johnson had actual notice, and those not served with the lien are not parties to this action. Furthermore, any missing information was already known by defendant. In short, the errors were not material. To invalidate the lien due to the instant technicalities would serve no purpose and would worship form over substance. It would also be contrary to the purpose of the lien, which is to lessen the financial burden on those who treat nonpaying accident victims. See 
In re Estate of Cooper
, 125 Ill. 2d 363, 368-69 (1988) (Hospital Lien Act and similar statutes are enacted to promote the health and well-being of the community by allowing assistance to people without regard to ability to pay). Accordingly, the lien is valid and should be enforced.

Despite its holding that plaintiff's lien was valid, the appellate court reversed the punitive damage award, holding that such damages were not available pursuant to either the Physicians Lien Act or a “breach of contract claim, which is the best interpretation of plaintiff's alternative cause of action.” 287 Ill. App. 3d at 689. Plaintiff, however, contends that he never asserted a breach of contract claim, but rather asserted a conversion claim that alleged that defendant converted funds from both the medical payment check and the settlement. The dispute is important because while punitive damages are generally not available under a contract theory, they are available in conversion. 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172, 187 (1978) (traditionally, actions for breach of contract have not given rise to punitive damages; however, punitive damages are awarded when the cause of action is premised on a tort).

To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. 
Western States Insurance Co. v. Louis E. Olivero & Associates
, 283 Ill. App. 3d 307, 310 (1996). Count III of plaintiff's third-amended complaint states in relevant part:

“At the time Defendant Michael Johnson obtained the medical payment check in the amount of $3,744 referenced above, plaintiff had a right to control said funds to the extent of his aforesaid Physicians' Lien and Defendant Michael Johnson exercised unauthorized control over said funds to the detriment of plaintiff through his failure to remit and satisfy plaintiff's aforesaid Physicians' Lien.”

Count IV of plaintiff's third-amended compliant repeats the above allegations in regards to the $50,000 settlement. Consistent with a conversion claim, the language of these counts states that plaintiff had a right to property by lien, and that defendant exercised unauthorized control over that property. Furthermore, at trial plaintiff argued a conversion claim, presenting evidence that demonstrated (1) the existence of a lien, which established his right to a portion of the settlement proceeds; (2) that defendant assumed control of the settlement funds and the medical payment; (3) that plaintiff demanded payment; and (4) defendant's refusal to turn over the funds. After hearing this evidence, the jury was instructed on the elements of conversion. Plaintiff never argued a breach of contract claim or asked the jury to be instructed on one, and indeed, there was no contract between plaintiff and defendant to be breached. Plaintiff properly set forth a claim of conversion, and the jury's decision that the conversion occurred is not contrary to the manifest weight of the evidence, and will therefore not be disturbed. See 
Midland Hotel Corp. v. Rueben H. Donnelley Corp.
, 118 Ill. 2d 306, 312-13 (1987) (an appellate court should not substitute its judgment unless the jury's determination is against the manifest weight of the evidence).

Punitive damages are awarded “when torts are committed with fraud, actual malice, *** or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.” 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172, 186 (1978). While the question of whether punitive damages can be awarded for a particular cause of action is a matter of law (
Loitz v. Remington Arms Co.
, 138 Ill. 2d 404, 414 (1990)), the question of whether a defendant's conduct was sufficiently willful or wanton to justify the imposition of punitive damages is for the jury to decide (
Smith v. Hill
, 12 Ill. 2d 588, 595 (1958)). The evidence in this case as to defendant's behavior was conflicting. Defendant maintained that his failure to honor the lien was justified, that he urged plaintiff to file another lien, that Johnson told him that he had paid plaintiff, and that he never received money from the insurance company's medical payment. Plaintiff, however, asserted otherwise, contending that defendant assured him the lien was adequate and would be honored, and then with full knowledge of the lien refused to pay plaintiff from the medical payment or the settlement. The jury chose to believe plaintiff's version of events, and found that it demonstrated willful and wanton behavior by defendant. We will not disturb that determination, as it is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide what weight to give to a witness' testimony. 
Maple v. Gustafson
, 151 Ill. 2d 445, 452 (1992). Furthermore, this decision was not against the manifest weight of the evidence.

We therefore affirm the judgment of the appellate court as to the validity of plaintiff's lien, and reinstate the jury's award of punitive damages. The judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the circuit court is affirmed.

Appellate court judgment affirmed in part

and reversed in part;

circuit court judgment affirmed.