**Jeff TALANO, Plaintiff–Appellant,**

v.

**CITY OF LOCKPORT, Defendant–Appellee.**

**No. 00–1697.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2001.*

Decided April 26, 2001.

---

* The City of Lockport did not file a brief in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, and Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

On September 16, 1999, Jeff Talano[1] brought this suit against the City of Lockport, Illinois. The "complaint," titled "Writ of Prohibition Emergency Motion," seeks federal court intervention into a then-pending state court proceeding involving the demolition of Talano's property. Talano alleges that the city unlawfully searched his property, and that a state judge issued an illegal search warrant that allowed inspection of the property. In addition, Talano's complaint requests that a federal court set aside the demolition order imposed by the state court.

Before the city appeared or filed a responsive pleading, the district court dismissed the complaint sua sponte, *see* Federal Rule of Civil Procedure 12(h)(3), for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The district court, applying the substantiality doctrine, concluded that Talano's allegations were "insufficient to confer subject matter jurisdiction" over his complaint. Some time after Talano filed this appeal, his appeal efforts in state court failed, and the city demolished his property.

■■■ Although the district court dismissed the complaint under the substantiality doctrine, we may affirm the dismissal on any ground supported in the record and by law. *See Bay v. Cassens Transport Co.*, 212 F.3d 969, 972–73 (7th Cir.

2000). We agree with the district court that Talano's complaint should be dismissed, but on an alternative ground. The *Rooker–Feldman* doctrine holds that inferior federal courts have no subject matter jurisdiction to review state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine bars inferior federal court jurisdiction when the plaintiff alleges an injury caused by a state court judgment, or when the plaintiff's federal claims are "inextricably intertwined" with the state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999). In determining whether the *Rooker–Feldman* doctrine prohibits subject matter jurisdiction, the pivotal inquiry is whether Talano seeks to set aside the state court judgment or whether he presents a distinct, independent claim. *See Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir.2000) (quotations and citations omitted).

Talano's "complaint" essentially seeks appellate review of the state courts' rulings regarding the demolition of his property. The stated goal of the complaint is to "stop orders of judge [sic] Penn," and "terminate trial." In addition, the complaint repeatedly attacks rulings made by the state court, alleging that the judge prevented Talano from presenting a case in opposition to the demolition order. The complaint also alleges that the state judge violated Illinois law and the United States Constitution in making his rulings. Finally, the complaint requests that this court "stop the demolition order of judge [sic] Penn and all other orders of judge [sic]

1. Two other plaintiffs who joined Talano in bringing this action elected not to appeal.

Penn regarding 422–24 E. 8th St., Lockport, Illinois."

 Talano's claims thus aim to redress an injury allegedly resulting from the state courts' refusal to hear his arguments. Such requests effectively ask the lower federal court to examine state court decisions and overturn them—the exact result prohibited by *Rooker–Feldman.* And to the extent the complaint focuses on the city's unlawful search of his property, such claims are "inextricably intertwined" with the state courts' decisions.

The judgment of the district court is AFFIRMED.