Michelle FREDERICKSEN, et
al., Plaintiffs–Appellants,

v.

L.A. DEMOLITION, INC.,
Defendant–Appellee.

No. 02–2042.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 2002.*

Decided Dec. 16, 2002.

Before BAUER, POSNER, and DIANE
P. WOOD, Circuit Judges.

ORDER

Michelle Fredericksen, Anthony Talano, and Jeff Talano brought this *pro se* action against L.A. Demolition under 42 U.S.C. § 1983 alleging that the company violated their civil rights when it conspired with the City of Lockport, Illinois, to demolish their home and property pursuant to a state-court order. The district court granted the defendant's motion to strike the plaintiffs' first complaint, dismissed the case when the plaintiffs failed to submit an amended complaint by the deadline set by the court, and then refused to reopen the matter after reviewing the plaintiffs' late-filed amended complaint. The district

---

* The appellee notified this court that it will not be filing a brief in this matter. Thus this appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

court pointed to perceived defects in the amended complaint, but ultimately concluded that under the *Rooker–Feldman* doctrine, *see Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), it lacked subject matter jurisdiction over the dispute. We affirm on other grounds.

In their amended complaint, the plaintiffs allege that state-court "demolition proceedings" resulted in the city hiring L.A. Demolition to demolish their residence. When an unnamed company employee came to the property to begin the demolition, the plaintiffs gave him a letter admonishing that he was on their property illegally since he had no warrant. The L.A. Demolition employee left but returned another day with a police escort to execute the demolition order. According to the plaintiffs, the company destroyed not just the house, but also other property on the grounds not included in the state-court demolition order. These allegations are spare, but the plaintiffs have been to this court before when they tried to thwart the demolition, *see Talano v. City of Lockport,* 6 Fed.Appx. 450 (7th Cir. 2001) (unpublished order), and we know from that case that the city obtained state-court approval to demolish the house because of safety issues.

L.A. Demolition had moved to strike the plaintiffs' first complaint, ostensibly under Fed.R.Civ.P. 12(f), and in granting that motion on March 4, 2002, the district court gave the plaintiffs 21 days to file an amended complaint or face dismissal. The order instructed the plaintiffs to fix several aspects of the complaint: (1) plead the exact dates of the alleged conduct so as to determine if the suit was time-barred; (2) name all plaintiffs and have each sign; (3) provide proof of service on each named defendant; and (4) "set forth specific facts" to establish a conspiracy between L.A. Demolition and the city. Furthermore, citing the *Rooker–Feldman* doctrine, the court questioned its jurisdiction over the suit because it appeared to be a collateral challenge to the state-court demolition order. The plaintiffs did not file an amended complaint within 21 days, and the case was dismissed with prejudice on March 27. The next day, however, the plaintiffs filed their amended complaint, which apparently had been mailed to L.A. Demolition on March 25. The district court reviewed the complaint but declined to set aside its earlier dismissal of the case, reasoning that the amended complaint failed to rectify many of the defects of the first complaint and that, in any event, the court did not have subject-matter jurisdiction due to the *Rooker–Feldman* doctrine.

 On the record before us we cannot agree with the district court's conclusion that it lacked jurisdiction over the entire suit. Under *Rooker–Feldman,* lower federal courts do not have jurisdiction to review state-court decisions outside of the context of collateral attacks through habeas corpus, *Lewis v. Anderson,* 308 F.3d 768, 772 (7th Cir.2002), but in applying this doctrine courts must consider "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Edwards v. Ill. Bd. of Admissions to the Bar,* 261 F.3d 723, 729 (7th Cir.2001) (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996)). The question, then, is whether the plaintiffs' alleged injury is "inextricably intertwined" with the state-court demolition order, precluding a federal court from reviewing its merits. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001). The answer is that the plaintiffs' injury is only partly based on the

state-court order, so their entire case is not barred.

The plaintiffs brought a previous federal lawsuit in 1999 in an attempt to stop the enforcement of the demolition order. The district court dismissed the lawsuit, and relying on the *Rooker–Feldman* doctrine we affirmed the decision in an unpublished order. *Talano,* 2001 WL 436196, at *1–2. As we explained in *Talano,* lower federal courts have no jurisdiction to hear any claim of injury arising out of the state court's demolition order because resolution of the claim would require the federal court to review the state-court order, which the *Rooker–Feldman* doctrine forecloses. *Id.* The state-court order called for the demolition of the plaintiffs' house, and they do not contest that the demolition of their house was done pursuant to the court order. Still, the plaintiffs explicitly argue without contradiction that the demolition crew "went above and beyond the state court's order" and destroyed other portions of the real estate including trees, bushes, the garden, and the driveway. Plainly, then, demolition of the plaintiffs' house arose from the state-court order, but there is no evidence that the further destruction was likewise ordered by the court or was incidental to the authorized demolition. Thus, taking the plaintiffs' amended complaint at face value, the destruction of the plaintiffs' property other than the house was not caused by the judgment but stemmed from the allegedly tortious conduct of L.A. Demolition, and therefore the entire suit is not barred by the *Rooker–Feldman* doctrine.

The district court also articulated several perceived deficiencies in the plaintiffs' amended complaint that might suggest it fails to state a claim. We disagree with the district court's assessment of the complaint. Two of the identified deficiencies, failure to sign the complaint and failure to attach a certificate of service, are simply incorrect; the amended complaint is signed by all three plaintiffs and includes a certificate of service on L.A. Demolition. The district court also stated that the plaintiffs failed to name the defendants with any particularity and did not include dates in the complaint. Federal notice pleading rules require only that a plaintiff include sufficient detail to put the defendant on notice of the claim. *Muick v. Glenayre Elecs.,* 280 F.3d 741, 744 (7th Cir.2002); *Scott v. City of Chicago,* 195 F.3d 950, 951–52 (7th Cir.1999); Fed. R.Civ.P. 8(a). The complaint provided sufficient notice to L.A. Demolition that it was an intended defendant; the company hired counsel who entered an appearance and moved to strike the complaint. A complaint must only state a claim, not provide factual details, such as dates. *See Tregenza v. Great Am. Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993) ("plaintiff is not required to negate an affirmative defense in his complaint"). Therefore we disagree with the district court's suggestion that, even apart from *Rooker–Feldman,* the complaint suffered from fatal technical deficiencies.

■ However, to the extent that the district court had jurisdiction over the narrow aspect of the plaintiffs' claim that property not covered by the demolition order was destroyed, we conclude that the plaintiffs fail to state a claim on which relief may be granted because there is an adequate post-deprivation remedy for their grievances. An unauthorized, intentional deprivation of property by a state actor–assuming that L.A. Demolition can be a state actor or that indeed it conspired with the city–does not constitute a due process violation if the state provides a meaningful post-deprivation remedy. *Doherty v. City of Chicago,* 75 F.3d 318, 323 (7th Cir.1996). The Illinois Court of Claims provides the

plaintiffs with an adequate remedy to redress their property loss. The plaintiffs may file an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson,* 184 Ill.2d 109, 234 Ill.Dec. 455, 703 N.E.2d 67, 70 (1998). Because the state has provided an adequate post-deprivation remedy, the loss of the plaintiffs' property does not provide for recovery under § 1983. *See Gable v. City of Chicago,* 296 F.3d 531, 540 (7th Cir.2002).