# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-2678

MICHELLE FREDERIKSEN, JEFF TALANO,
and ANTHONY J. TALANO,

*Plaintiffs-Appellants*,

*v.*

CITY OF LOCKPORT, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 01 C 7656—**Suzanne B. Conlon**, *Judge.*

SUBMITTED AUGUST 31, 2004—DECIDED SEPTEMBER 16, 2004

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A state court authorized the demolition of plaintiffs' building in Lockport, Illinois. *Lockport v. Talano*, 318 Ill. App. 3d 1241, 789 N.E.2d 944 (3d Dist. 2000) (unpublished). The ex-owners have filed eight federal suits under 42 U.S.C. §1983 contesting the condemnation and associated steps, such as inspections. We held in the first of these suits that federal courts lack jurisdiction, because only the Supreme Court of the United States may review decisions of state courts in civil litiga-

tion. See *Talano v. Lockport*, No. 00-1697 (7th Cir. Apr. 26, 2001) (unpublished order relying on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). That did not stop the ex-owners. Surprisingly, none of the more recent seven suits has ended in sanctions for vexatious litigation. Perhaps that is because the federal defendants have taken to ignoring them and thus incur few costs; in this appeal only one of the many defendants bothered to file a brief.

The district judge permitted the ex-owners to file a total of four complaints. The first three were dismissed, without prejudice, as unintelligible. Each time, the judge drew the plaintiffs' attention to Fed. R. Civ. P. 10(b), which requires allegations to be separated into numbered paragraphs, and distinct claims to be separated into counts. The judge informed plaintiffs that the plenitude of defendants must be identified and claims against each related separately. Concluding that the fourth try was little better than the first—the fourth complaint put numbers in front of some paragraphs, but most of them are absurdly long and cover multiple parties and grievances—the district judge finally threw up her hands and told the plaintiffs that they would have no more opportunities to satisfy Rule 10(b). The judge also invoked the *Rooker-Feldman* doctrine, believing that she could decipher enough of the complaint to tell that the court lacked jurisdiction. Instead of dismissing for lack of jurisdiction, however, the court entered this judgment: "IT IS HEREBY ORDERED AND ADJUDGED that this action is dismissed with prejudice."

Plaintiffs' appellate brief reveals that this is frivolous and vexatious litigation. Legal disputes must be resolved in a single proceeding. Nine suits—one in state court, eight in federal court—is eight too many. We will issue an order under Rule 38 directing them to show cause why they should not be sanctioned. See *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995). Cf. *Support Systems International, Inc. v. Mack*,

45 F.3d 185 (7th Cir. 1995). The reason why we are issuing a published opinion, however, is to clean up an inconsistency in the district court's handling of the suit, and in our own precedents.

The *Rooker-Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot *also* be dismissed "with prejudice"; that's a disposition on the merits, which only a court with jurisdiction may render. See *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). "No jurisdiction" and "with prejudice" are mutually exclusive. When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits. See *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

Most decisions applying the *Rooker-Feldman* doctrine in this circuit have ended with the proper judgment (or a remand to dismiss on jurisdictional grounds). Some of our decisions, however, have affirmed dismissals "without prejudice," which misleadingly implies that the plaintiff may pursue the same claim again in federal court, or "with prejudice," which implies that even a state court is powerless to act. See, e.g., *Taylor v. Federal National Mortgage Co.*, 374 F.3d 529 (7th Cir. 2004) (dismissal with prejudice). The panel in *Taylor* recognized that dismissal with prejudice was a mistake yet did not remand for entry of a proper jurisdictional dismissal. (Several unpublished orders have done the same without noting the problem at all.) And *T.W.*, which carefully distinguished between jurisdictional and merits dismissals, contains a little language suggesting that the district court should dismiss "without prejudice." Quite a few unpublished orders have followed the "without prejudice" language of *T.W.* without recognizing that the

opinion used the phrase "without prejudice" only to drive home the point that a jurisdictional dismissal in federal court does not block litigation in a different judicial system that does have jurisdiction.

Because different panels have announced or followed different approaches to *Rooker-Feldman* dismissals, we have circulated this opinion to all active judges under Circuit Rule 40(e). We now hold that the right disposition, when the *Rooker-Feldman* doctrine applies, is an order under Fed. R. Civ. P. 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction. No judge favored a hearing en banc on this subject.

One final matter. The complaint, though largely gobbledy-gook, does advert to a claim that is outside the scope of the *Rooker-Feldman* doctrine. It maintains that in July 1999, while mowing his lawn, Jeff Talano was arrested without probable cause. This is distinct from the condemnation, just as a wrongful arrest may be distinct from a criminal conviction for purposes of the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Compare *Gonzalez v. Entress*, 133 F.3d 551 (7th Cir. 1998), with *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003). On this subject, however, the district court was within its discretion to dismiss with prejudice when, after four opportunities spread over more than two years, plaintiffs still had not complied with Rule 10(b). Cf. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374 (7th Cir. 2003). The district judge saw this as defiance of her orders as well as nonconformity to the rule; given plaintiffs' track record, it is impossible to quarrel with that appreciation.

The judgment is affirmed to the extent that it dismisses Jeff Talano's wrongful-arrest claim with prejudice. It is otherwise vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction. Plaintiffs have 14 days to show cause why sanctions should not be imposed for pursuing a frivolous appeal.

No. 03-2678 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*