ORDER
Juli and Danny Bryan sued Belvidere National Bank in federal court for violations of federal and state consumer protection laws resulting from a state foreclosure action. The district court dismissed the case for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, see Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), commenting in its opinion that dismissal would alternatively be appropriate under the doctrine of res judicata. The Bryans appeal, and although they concede that Rooker-Feldman bars their suit, see Taylor v. Fed. Nat’l Mortgage, 374 F.3d 529 (7th Cir.2004), they ask us to vacate the part of the district court’s opinion regarding res judicata so that, if they choose to pursue the claim in the future, no state court will misinterpret that language as a ruling on the merits. Yet a “suit dismissed for lack of jurisdiction cannot also be dismissed ... on the merits.” Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir.2004); see Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004). Therefore, when a district court dismisses a suit for lack of subject matter jurisdiction under Rooker-Feldman, the disposition is “is without prejudice on the merits, which are open to review in state court to the extent the state’s law of preclusion permits.” Frederiksen, 384 F.3d at 438. Here, the district court’s judgment and its order specify that dismissal was for lack of subject matter jurisdiction, so the court could not have rendered a decision based also on res judicata. The Bryans have no cause for concern.
AFFIRMED.