**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 30, 2005[*]
Decided April 4, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Nos. 04-2510, 04-2603

| | |
|---|---|
| GRACIELA AMAYA, <br>     *Plaintiff-Appellant,* | Appeals from the United States District Court for the Eastern District of Wisconsin. |
|     *v.* | No. 03-C-1277 |
| JAY J. PITNER, et al., <br>     *Defendants-Appellees.* | Charles N. Clevert, Jr., <br> *Judge.* |

**O R D E R**

Graciela Amaya filed this pro se lawsuit on behalf of herself and her children alleging that Milwaukee sheriffs executing a state court writ wrongfully evicted her from property she says she owns.  She does not dispute that World Savings Bank won a state court foreclosure judgment on the property in 2002, when it was owned by Jefferey Bartkowiak.  Nor does she dispute that she did not record her interest in the property—a quitclaim title from Bartkowiak—until over a year later.  Nonetheless, she believes that she owns the property and contends that the sheriff therefore violated her federal constitutional rights as well as state law in selling it to another party and evicting her.  The district court dismissed Amaya's children's claims without prejudice because she declined to obtain counsel for them.  Turning

---

[*]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

to Amaya's claims, the court found a host of fatal defects, among them that the *Rooker-Feldman* doctrine barred subject matter jurisdiction. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983). On appeal Amaya argues that *Rooker-Feldman* does not apply because she was not a party to the foreclosure proceedings.

*Rooker* and *Feldman* hold that federal jurisdiction to review state court decisions in civil litigation—and claims that are "inextricably intertwined" with such decisions—is limited to the Supreme Court's certiorari power under 28 U.S.C. § 1254. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 2005 WL 711586, at \*4-5, No. 03-1696 (U.S. March 30, 2005). Lower federal courts lack jurisdiction if the alleged injury resulted from the state court judgment itself. *Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir. 2004).

Amaya does not claim title independent of Bartkowiak, only through him. But the state court foreclosure judgment vested Bartkowiak's title in the bank. Thus the premise of Amaya's suit to recover the property is necessarily that the foreclosure judgment was erroneously entered. The district court could not give her the relief she seeks without in effect reviewing and disregarding the state court's judgement. *See Newman v. State of Indiana*, 129 F.3d 937, 942 (7th Cir. 1997).

Moreover, because the bank filed a lis pendens before Amaya recorded her interest in the property, she is deemed a subsequent purchaser and the state court's foreclosure judgment transferring title to the bank binds her as if she were a party to those proceedings. *See* Wis. Stat. § 840.10; *J. & S. Corp. v. v. Mortgage Assoc's. Inc.,* 164 N.W.2d 221, 223-24 (Wis. 1969). All of Amaya's alleged injuries stem from her eviction, which directly resulted from that judgment. Thus, she cannot prevail without upsetting the state court's judgment, a step that would exceed the federal court's jurisdiction. *See Frederiksen,* 384 F.3d at 438.

Amaya also continues to assert that she is entitled to advocate on behalf of her children. Though as guardian of her minor children she may sue on their behalf, Fed. R. Civ. P. 17(c), she may not do so without counsel, *see Navin v. Park Ridge Sch. Dist*, 270 F.3d 1147, 1149 (7th Cir. 2001). Their claims were properly dismissed.

AFFIRMED.