**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted June 9, 2005[*]
Decided June 20, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-2629

MICHELLE FREDERIKSEN and
JEFF TALANO,
     *Plaintiffs-Appellants*,

     *v.*

CITY OF KANKAKEE,
     *Defendant-Appellee*.

Appeal from the United States
District Court for the Central
District of Illinois

No. 01-2048

Michael P. McCuskey,
*Chief Judge*.

**ORDER**

Michelle Frederiksen and Jeff Talano, no strangers to state and federal litigation, *see Frederiksen v. City of Lockport*, 384 F.3d 437, 437 (7th Cir. 2004), sued the City of Kankakee claiming that city officials violated their due process and Fourth Amendment rights by entering their property to enforce zoning and building codes.  After a jury trial, the defendants prevailed.  Frederiksen and Talano now appeal, and, although they ostensibly challenge several of the district court's rulings on motions they filed during trial, the only coherent argument in their brief challenges the court's jury instructions.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

Frederiksen and Talano argue that the district court erred in instructing the jury that "the Fourth Amendment prohibits unreasonable searches and seizures of property and searches of property without a warrant." They contend that the jury should have been instructed to find a Fourth Amendment violation if the plaintiffs experienced a "meaningful interference with [their] possessory interests" in their property. Frederiksen and Talano never proposed such a jury instruction in the district court. They did object to the instructions on different grounds, but they have waived the specific objection they raise here by failing to make it in the district court. *See Harper v. Albert*, 400 F.3d 1052, 1068 (7th Cir. 2005).

Frederiksen and Talano's other assertions of error regarding, for example, the district court's decision to reject "testimony and evidence relating to the state court trial," and its "holding that the local rules apply in the forming of jury instructions but not in the final pretrial order," are insufficiently developed to permit meaningful review. *See* Fed. R. App. P. 28(a)(9) (argument must contain contentions and reasons for them); *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 527 (7th Cir. 2003); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Appellants must do more than make general claims of error; they must point specifically to rulings by the district court and develop arguments about why those rulings are erroneous. We therefore decline to consider Frederiksen and Talano's undeveloped assertions of error.

As a final matter, while this appeal was progressing Frederiksen and Talano incurred sanctions in another appeal, number 03-2678, and to date they have failed to pay their fine. Despite being barred from filing any more papers in the courts of this circuit until they paid their fine, they managed to file a reply brief in this case in contravention of that order. By pressing forward with this appeal, Frederiksen and Talano continue to disregard the court's warning about pursuing frivolous litigation. The plaintiffs have 14 days to show cause why they should not be sanctioned for their conduct in this appeal.

AFFIRMED.