**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 3, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1121

| | |
|---|---|
| MICHEAL LOUANNA CASEY-BEICH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-1058 |
| | |
| UNITED PARCEL SERVICE, INC., | Michael M. Mihm, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Micheal Casey-Beich sued her former employer United Parcel Service (UPS) in February 2007 alleging physical and emotional injuries resulting from a 1994 workplace accident. UPS moved to dismiss the complaint as untimely. The district court granted the motion, and Casey-Beich appeals. We affirm.

We review de novo a district court's dismissal for failure to state a claim, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). In July 1994, while

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

working at a UPS distribution center, Casey-Beich was injured after being told to clean up a white powder that spilled from a package. She alleges that contact with the powder caused a number of skin ailments requiring medical attention. When she tried to collect a sample of the powder for her doctor to analyze, her supervisor refused permission and threatened to call the police. Her supervisor allowed her to take a plastic glove that she wore during the cleanup, but the glove did not contain a sufficient sample for analysis. In February 2007 Casey-Beich sued in state court seeking compensation for the harm caused by the powder and her supervisor's refusal to allow her to collect a sample. Casey-Beich also alleged that UPS failed to report the hazardous material spill in accordance with 49 CFR §§ 171.15 and 171.16. UPS removed the suit to federal court based on diversity jurisdiction.

Casey-Beich did not list in her complaint any specific claims for relief, but she sought $100 million in punitive damages. Liberally construing Casey-Beich's pro se complaint, *see Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006), the district court discerned claims based on negligence and intentional infliction of emotional distress. The district court then granted UPS's motion to dismiss for failure to state a claim, concluding that it was clear from the face of the complaint that the claims were untimely.

We begin by examining whether we have jurisdiction to hear this case. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The bulk of Casey-Beich's appellate brief focuses on alleged violations of certain federal regulations that require reporting of hazardous material incidents. *See* 49 CFR §§ 171.15, 171.16. But these regulations cannot establish federal-question jurisdiction because neither these regulations, nor their enabling legislation, The Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101-5127, provide a private right of action. Only the Attorney General is authorized to pursue a civil claim under these statutes and regulations. *See* 49 U.S.C. § 5122(a); *Tekavec v. Van Waters & Rogers, Inc.*, 12 F. Supp. 2d 672, 683 (N.D. Ohio 1998) (noting Congress's intent to allow enforcement solely through the Attorney General).

We do, however, have diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties are diverse because Casey-Beich is a citizen of Illinois and UPS is a citizen of Ohio and Georgia. And the amount in controversy exceeds $75,000, although not through her alleged facts that could qualify as compensatory damages (such as medical bills, permanent disability, and emotional distress). Casey-Beich emphatically rejects any characterization of her suit as one for anything other than punitive damages. Nonetheless, punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). If punitive damages are available, the court has subject-matter jurisdiction unless it is legally certain that the plaintiff cannot recover the jurisdictional amount. *Id.*

Although punitive damages are not available in Illinois for claims of intentional infliction of emotional distress, *Gragg v. Calandra*, 696 N.E.2d 1282, 1290 (Ill. App. Ct. 1998), they are available for negligence claims, *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 416 (Ill. 2006). But punitive damages are appropriate only when the misconduct is "outrageous, because it is committed with an evil motive or a reckless indifference to the rights of others." *Id.* at 416; *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Casey-Beich alleges that being ordered to clean the spilled powder was outrageous, and thus it is not legally certain that punitive damages are unavailable. We therefore have jurisdiction to hear this appeal.

Turning to merits of the appeal, we agree that Casey-Beich's suit is barred by the statute of limitations. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2007) (holding that plaintiffs may plead themselves out of court if allegations in complaint show that statute of limitations bars relief); *see also Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007). In a diversity case, a federal court must apply the appropriate state statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004). Claims of personal and emotional injury, including Casey-Beich's claim for intentional infliction of emotional distress, are governed by the two-year statute of limitations in Illinois. *See* 735 ILCS 5/13-202; *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003) (applying two-year limitations period to claim of intentional infliction of emotional distress). Under the discovery rule, the limitations period begins to run when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 192 (Ill. 2002). Crucially, the discovery rule does not require that a plaintiff know that a particular legal duty has been breached. *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980-81 (Ill. 1981).

Casey-Beich alleges two tortious acts: the ordered cleanup by her UPS supervisor, and the supervisor's refusal to allow her to collect a powder sample to assist her medical diagnosis. Both actions took place in early July 1994. Casey-Beich was fully aware of her injuries, and that they were potentially wrongfully caused, no later than her visit to the hospital in July 1994. Therefore, the statute of limitations on these two claims would have expired no later than July 1996, and this suit, filed in 2007, is time barred. Although Casey-Beich apparently objects to the district court's characterization of her suit, she presents no reason why the two-year limit should not apply, nor any reason for tolling. Although she learned of the potential federal regulatory violations in 2006, the discovery rule applies solely to the discovery of an injury, not whether a particular claim for relief exists. *See Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981).

AFFIRMED.