[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11706

Non-Argument Calendar

_____

CHRISTOPHER NICHOLAS KOONCE-HOPE,

Plaintiff-Appellant,

*versus*

SUZANNE BASS,
in her official capacity as Circuit Court
Judge at the Fourth Judicial Circuit
Courts of Florida,

Defendant-Appellee.

MARY SUZANNE BASS,

2                    Opinion of the Court                    22-11706

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00078-TJC-JBT

_____

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Christopher Nicholas Koonce-Hope appeals the district court's dismissal of his federal civil rights complaint, in which he alleged that Florida Circuit Judge Suzanne Bass violated his due process and equal protection rights while presiding over his divorce.

In the underlying state court action, Judge Bass awarded Mr. Koonce-Hope's ex-wife full custody of their children, restrained Mr. Koonce-Hope from contacting his ex-wife, and required him to enroll in various domestic violence and mental health programs. Following the final judgment, Mr. Koonce-Hope filed a supplemental petition to modify parental responsibility, but Judge Bass subsequently granted the ex-wife's motion to dismiss the petition.

Mr. Koonce-Hope then filed a complaint in federal district court, alleging that Judge Bass violated his constitutional rights because (1) she failed to recuse herself from the case, (2) he did not

receive notice of the June 25, 2020, hearing, (3) he "never had an opportunity to present reasons why the proposed action on June 24, 2020, should not be taken[,]" (4) he did not have an opportunity to "present evidence" and call witnesses at the June 24, 2020, hearing, (5) he was denied his "right to know opposing evidence[,]" and (6) Judge Bass deprived him of his right to "examine adverse witnesses[.]" He also seemingly asserted that the substance of the state court's rulings violated his due process and equal protection rights, claiming that the "signing of this order is the material and irreparable harm that constitutes a denial of [his] [r]ights[.]"

The nature of the remedy sought in the amended complaint is unclear. Mr. Koonce-Hope requested a "Fourteenth Amendment remedy" due to "adverse rulings and denials" and "numerous deprivations without due process of law."

The magistrate judge interpreted Mr. Koonce-Hope's amended complaint to be a collateral attack on a state court judgment and recommended that the case be dismissed on that basis. Mr. Koonce-Hope's objections, however, clarified that he did not seek relief from the state court's final judgment. His objections insist that his amended complaint is not an improper attempt to collaterally attack a state court judgment, but is instead a § 1983 claim brought for violations of his due process rights. The district court adopted the report and recommendation and dismissed the case, citing to *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005), which discusses both judicial immunity and the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The Eleventh Circuit distinguishes between claims seeking relief from a state court judgment and claims seeking damages even if those claims are related to a state court case—the former are barred by *Rooker Felman* and the latter are not. *See Sibley*, 437 F.3d at 1070 n.3 ("Sibley does not ask us to fix an erroneous state court judgment, which we could not do, but rather to award $10 million against each state court judge who participated in his cases."). *See also Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021) ("Because *Rooker-Feldman* bars only claims that invite a district court's 'review and rejection' of a state court judgment, claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted."). Because the amended complaint did not clearly state the relief it sought, and because pro se pleadings are liberally construed*, see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), it is not clear that a complete dismissal on *Rooker Feldman* grounds would be appropriate.

Based on our review, it is unclear on which grounds the district court dismissed the case—*i.e.* whether the case was dismissed because Judge Bass was protected by judicial immunity or because of the *Rooker Feldman* doctrine. Part of the reason that we are unsure of the rationale for dismissing the case is that the district court dismissed the case with prejudice. When a district court dismisses a case for lack of jurisdiction, including under the *Rooker Feldman*

doctrine, the dismissal must be entered without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("when the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction"); *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

The district court's dismissal of the case with prejudice indicates that perhaps the ground for the dismissal was judicial immunity. On the other hand, the district court's adoption of the magistrate judge's report and recommendation, which solely discusses a litigant's inability to collaterally attack a state court judgment, indicates that the ground for the dismissal was *Rooker Feldman*. Because we believe that the basis for the dismissal is unclear, we vacate the order and remand for the district court to clarify the basis for dismissal. Should the district court again dismiss the amended complaint in its entirety, Mr. Koonce-Hope can, if he wishes, take an appeal from that order.

**VACATED AND REMANDED.**