Docket No. 110406.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

THOMAS VINCENT, Appellant, v. ALDEN-PARK
STRATHMOOR, INC., Appellee.

*Opinion filed March 24, 2011.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Thomas, Garman, Burke, and Theis concurred in the judgment and opinion.

Justice Freeman took no part in the decision.

**OPINION**

This interlocutory appeal under Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)) presents a single question of law: Does a claim for punitive damages based on allegations of willful and wanton violation of the Nursing Home Care Act (210 ILCS 45/1–101 *et seq.* (West 2006)) survive the death of the nursing home resident on whose behalf the cause of action was brought? The circuit court concluded that when the nursing home resident died, any claim she might have had for punitive damages abated. The appellate court agreed. 399 Ill. App. 3d 1102. We granted a petition by the representative of the nursing home resident's estate for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). For the reasons that

follow, we now affirm and remand to the circuit court for further proceedings.

## BACKGROUND

Marjorie Vincent died in December of 2006 while a resident of Alden-Park Strathmoor, a long-term care facility in Rockford. Following her death, Thomas Vincent, the legal representative of her estate (hereinafter plaintiff), filed a three-count complaint against Alden-Park Strathmoor (sometimes referred to herein as the facility) in the circuit court of Winnebago County. Count I sought damages from the facility on the theory that it had breached its duty under the Nursing Home Care Act to refrain from neglecting or abusing Marjorie and that it had failed to provide her with adequate medical or personal care or maintenance. According to the complaint, Alden-Park Strathmoor's breach of duty caused Marjorie to suffer "permanent and disabling injuries, resulting in loss of a normal life, disfigurement, pain, suffering and anguish" and, ultimately, in her death.

Count III was predicated on the Nursing Home Care Act as well. It alleged the same acts and omissions set forth in count I, but made the additional charge that Alden-Park Strathmoor, "by and through its agents, servants, employees and/or representatives," had acted "with conscious or reckless disregard for Marjorie['s] health and safety" and that its misconduct was willful and wanton. Count II was also based on the same acts and omissions set forth in count I. Unlike counts I and III, however, it was based on common law negligence principles rather than violation of the Nursing Home Care Act.

All three counts of plaintiff's complaint requested compensatory damages in excess of $50,000. Count II requested those damages under the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2006)) to compensate Marjorie's three sons for the pecuniary losses they suffered as a result of her death. Counts I and III, which sought recovery for violations of the Nursing Home Care Act, were brought by plaintiff in his capacity as representative of Marjorie's estate pursuant to the Survival Act (755 ILCS 5/27–6 (West 2006)). Those counts demanded that defendant be required to pay actual damages based on principles of vicarious liability pursuant to section 3–601 of

-2-

the Nursing Home Care Act (210 ILCS 45/3–601 (West 2006)). They also prayed for an award of statutory costs and attorneys fees under section 3–602 of the Act (210 ILCS 45/3–602 (West 2006)).

Although count III of plaintiff's complaint alleged willful and wanton misconduct, it did not request an award of punitive damages. It could not. Causes of action asserted under the Nursing Home Care Act are governed by article II of the Code of Civil Procedure (735 ILCS 5/2–101 *et seq.* (West 2000)), also known as the Civil Practice Law (735 ILCS 5/1–101(b) (West 2000)), and by the Illinois Supreme Court rules on civil proceedings in the trial court. *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 99 (2003). Under section 2–604.1 of the Code of Civil Procedure (735 ILCS 5/2–604.1 (West 2006)), plaintiffs asserting causes of action for bodily injury or physical damage to property based on negligence, or on products liability based on any theory or doctrine, are not permitted to include in their complaints a prayer for relief seeking punitive damages.[1] That is so even where punitive damages are permitted by law. If a plaintiff wishes to pursue a claim for punitive damages, the law requires him or her to first seek leave of court to amend his or her complaint to add a prayer for such damages. A court may allow the amendment only when a plaintiff has established at a hearing that he or she has "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." 735 ILCS 5/2–604.1 (West 2006).

While plaintiff did not include a prayer for punitive damages in count III of his complaint, he did state in that count that he was reserving the "right to bring a claim for punitive damages upon proper motion and order pursuant to 735 ILCS 5/2–604.1 [(West 2006)]." Without waiting to see if plaintiff would make such a motion, Alden-Park Strathmoor filed a hybrid motion to dismiss or for judgment on the pleadings pursuant to section 2–619.1 of the Code of Civil Procedure (735 ILCS 5/2–619.1 (West 2006)).

As grounds for seeking dismissal, Alden-Park Strathmoor asserted

---

[1]As used in this provision, "negligence" refers generically to all types of unintentional, non-strict-liability torts, including willful and wanton misconduct. See *Stojkovich v. Monadnock Building*, 281 Ill. App. 3d 733, 741 (1996).

that a report from a health professional submitted by plaintiff in support of his wrongful-death claim was insufficient under section 2–622 of the Code of Civil Procedure (735 ILCS 5/2–622 (West 2006)).[2] With respect to the pleadings, Alden-Park Strathmoor asked the court to strike the provision in count III purporting to reserve the right to pursue a claim for punitive damages. It argued that, as a matter of Illinois law, punitive damages do not survive the death of the person whose injuries serve as the basis for a cause of action brought pursuant to the Survival Act. Because Marjorie, the person injured in this case, had died, Alden-Park Strathmoor contended that there were no circumstances under which plaintiff's claim for punitive damages could be sustained.

The circuit court rejected Alden-Park Strathmoor's assertion that the health professional's report filed by plaintiff failed to meet the requirements of section 2–622, and that issue is no longer in dispute. The circuit court agreed with the facility, however, that plaintiff could never recover punitive damages based on violation of the Nursing Home Care Act given that Marjorie was deceased. It therefore struck from plaintiff's complaint his request to reserve the right to pursue a claim for punitive damages.

On plaintiff's motion, the circuit court made a written finding that its order involved a question of law as to which there was substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. Plaintiff then petitioned the appellate court for leave to appeal under Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)). The appellate court granted plaintiff's petition, but rejected his argument that

_____

[2]Alden-Park Strathmoor's motion to dismiss for failure to provide a sufficient report under section 2–622 was worded broadly and did not single out the wrongful-death claim asserted in count II. As plaintiff pointed out in his response to the motion, however, and as Alden-Strathmoor acknowledged in its reply to the objection, count II was the only portion of plaintiff's complaint to which the section 2–622 challenge was relevant. That is so because the requirements of section 2–622 are inapplicable to claims based on violation of the Nursing Home Care Act, as counts I and III of plaintiff's complaint were. *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92 (2003).

Marjorie's death should not preclude him from seeking punitive damages based on alleged willful and wanton violations of the Nursing Home Care Act in connection with Marjorie's care. Reviewing the applicable statutory provisions, legislative history, judicial precedent and equitable considerations, the appellate court concluded any right to punitive damages in this case abated with Marjorie's death. Accordingly, it determined that the circuit court had not erred in striking plaintiff's reservation of the right to seek punitive damages and remanded the cause to the circuit court for further proceedings. 399 Ill. App. 3d 1102.

As indicated earlier in this opinion, plaintiff filed a petition in our court for leave to appeal, which we allowed. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We subsequently granted the Illinois Association of Defense Trial Counsel leave to file a friend of the court brief in support of defendant's position. We also permitted the Illinois Trial Lawyers Association to file a friend of the court brief in support of the plaintiff. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). Because propriety of the order granting defendant's motion to strike turns on a question of law certified by the circuit court as the basis for an interlocutory appeal under Supreme Court Rule 308, our review is *de novo*. *In re M.M.D.*, 213 Ill. 2d 105, 113 (2004).


ANALYSIS

Count III of plaintiff's amended complaint, which reserved the right to seek punitive damages, alleged that Alden-Park Strathmoor, a nursing home owner and licensee, was responsible for willful and wanton violations of the Nursing Home Care Act (210 ILCS 45/2–101 *et seq.* (West 2006)). The remedies available to redress violations of the Nursing Home Care Act are addressed by sections 3–602, 3–603 and 3–604 of the statute (210 ILCS 45/3–602, 3–603, 3–604 (West 2006)). Section 3-602 provides that "[t]he licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act [210 ILCS 45/2–101 through 2–113 (West 2006)], are violated." 210 ILCS 45/3–602 (West 2006). Section 3–603 states that "[a] resident may maintain an action under this Act for any other type of relief, including injunctive and declaratory relief, permitted by law." 210 ILCS 45/3–603 (West 2006). In addition, section 3–604 provides, in

-5-

part, that the remedies afforded by the Act "are in addition to and cumulative with any other legal remedies available to a resident." 210 ILCS 45/3–604 (West 2006).

None of the foregoing provisions expressly mentions punitive damages. Our court has held, however, that plaintiffs who sue for violation of the Nursing Home Care Act may "recover common law punitive damages upon proof of willful and wanton misconduct on the part of defendant." *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d 291, 300 (1999). Common law punitive damages were recognized by this court as an optional remedy even under a prior version of the Nursing Home Care Act which contained an express provision for statutory treble damages. See *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 362-65 (1986). That common law punitive damages may be recovered where a plaintiff has established a willful and wanton violation of the Act was reiterated by this court most recently in *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 104 (2003). It has become a settled principle of Illinois law. See, *e.g.*, 13 Ill. Jur. *Personal Injury and Torts* §30:25 (2005).

The Nursing Home Care Act does not specifically address what happens to a cause of action based on violation of the Act's provisions if the nursing home resident who is alleged to have been injured as a result of the statutory violation has died. The courts have recognized, however, that actions predicated on the Nursing Home Care Act do not abate with the nursing home resident's death. This state's Survival Act (755 ILCS 5/27–6 (West 2006)) allows a decedent's representative to maintain those common law or statutory actions which had already accrued to the decedent prior to his death, and that includes Nursing Home Care Act claims. See *Myers v. Heritage Enterprises, Inc.*, 332 Ill. App. 3d 514, 517 (2002); *Pietrzyk v. Oak Lawn Pavilion, Inc.*, 329 Ill. App. 3d 1043, 1044, 1049 (2002); 13 Ill. Jur. *Personal Injury and Torts* § 30:25 (2005).

Although common law punitive damages are available for willful and wanton violations of the Nursing Home Care Act, and causes of action based on the Nursing Home Care Act survive the death of the nursing home resident alleged to have been injured as a result of violation of the Act, it does not necessarily follow that common law punitive damages may be recovered in a Nursing Home Care Act case where, as here, the nursing home resident is deceased. That is so

because of another basic principle of Illinois law: as a general rule, the right to seek punitive damages for personal injuries does not survive the death of the injured party. See *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 220 (1998) (citing *Ballweg v. City of Springfield*, 114 Ill. 2d 107 (1986)); *Froud v. Celotex Corp*., 98 Ill. 2d 324 (1983); *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d 31 (1975).

That the right to recover punitive damages abates on death is rooted in early common law rules under which tort actions were regarded as punitive in character. As we discussed in *McDaniel v. Bullard*, 34 Ill. 2d 487, 493 (1966),

> "[w]hen actions or causes *ex delicto* are merely vindictive or retaliatory—a kind of substitute for private war—they may well be thought incapable of being continued on behalf of a victim who is dead and can no longer be appeased, or against a deceased wrongdoer who can no longer be punished. (See F. Pollock, The Law of Torts, 13th ed. 1929, pp. 62-65.) Accordingly all actions or causes in trespass originally died with the person by whom or to whom the wrong was done."

Of course, a prayer for punitive damages is not, itself, a cause of action. Punitive damages are merely a type of remedy. See *Dardeen v. Heartland Manor, Inc*., 186 Ill. 2d at 300 (explaining that repeal of statutory punitive damage provision merely affected remedy available to plaintiff and did not deprive her of her cause of action). Because of their punitive nature, however, punitive or exemplary damages have continued to be viewed by the courts through the same "private war" paradigm previously employed by the courts of Illinois in assessing tort actions in general. See *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d 31, 34 (1975) (citing *McDaniel v. Bullard*, *supra)*. Accordingly, though our conception of torts has changed and we eventually recognized that most tort damages are compensatory in nature and, as such, should be recoverable whether the injured party is dead or alive (*McDaniel v. Bullard*, 34 Ill. 2d at 493-94), traditional notions of abatement have been retained in Illinois with respect to common law punitive damages, whose purpose is to punish and deter rather than to compensate (see *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d at 33-36).

That the right to recover common law punitive damages abates

upon the death of the injured party has not been altered by the Survival Act. See *Ballweg v. City of Springfield*, 114 Ill. 2d 117. The Act merely affords relief from the common law rule of nonsurvival in the specific instances set forth in its provisions. *Froud v. Celotex Corp.*, 98 Ill. 2d at 335. Accordingly, where a statutory cause of action expressly incorporates a provision authorizing recovery of punitive damages and the cause of action survives the death of the injured party under the Act, we have held the right to pursue the statutory punitive damages remedy will survive as well. See *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill. 2d 160, 173-74 (1978) (holding that statutory claim for punitive damages under Public Utility Act did not abate on injured person's death). We have never held, however, that a claim for punitive damages based on a statutory cause of action will survive simply because the Survival Act allows the underlying statutory cause of action to proceed. For a punitive damage claim to survive, the award of such damages must be expressly authorized by the statute on which the cause of action is predicated, as it was in *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, *supra*. If punitive damages are not specifically permitted by the statute, any claim to those damages will be extinguished upon the injured person's death. See *Duncavage v. Allen*, 147 Ill. App. 3d 88, 103 (1986) (where cause of action was based on Consumer Fraud and Deceptive Business Practices Act (now codified at 815 ILCS 505/1 *et seq.* (West 2006)), which did not expressly authorize punitive damages, claim for punitive damages based on violation of the statute did not survive the death of the injured party and was properly dismissed).

Since we first concluded that punitive damages must be expressly authorized by the statute on which a plaintiff's cause of action is founded in order for a claim for such damages to survive following the injured party's death, the General Assembly has revisited the Survival Act on multiple occasions. In so doing, it has never amended the Act in a way that would alter our construction of the law. We therefore regard that construction as having been incorporated into the statute. *Froud v. Celotex Corp.*, 98 Ill. 2d at 336.

Under our construction of the Survival Act, it is clear that any claim for punitive damages plaintiff may have been able to assert in count III based on willful and wanton violation of the Nursing Home

Care Act is untenable. That is so because the Nursing Home Care Act does not contain a provision expressly authorizing punitive damages. The Act did once contain an explicit treble damages provision, which was punitive in nature, but that provision was eliminated from the law in the mid-1990s. See *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d at 294. On at least three occasions since then, the General Assembly has declined to amend the Act to expressly provide for punitive damages. See 399 Ill. App. 3d at 1112. No principle of statutory construction permits this court to now read the Act as including such an express punitive damages remedy. See *In re Mary Ann P.*, 202 Ill. 2d 393, 409 (2002) (where legislature has not seen fit to amend the statute to include a particular provision, we will not, under the guise of statutory construction, inject such a provision into the statute); *Hines v. Department of Public Aid*, 221 Ill. 2d 222, 230 (2006) (court must enforce statute as written and may not annex new provisions or substitute different ones, or read into the statute exceptions, limitations, or conditions which the legislature did not express). For us to do so would contravene basic principles of separation of powers. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 297 (2003).

Plaintiff argues that even though the Nursing Home Care Act does not specifically authorize punitive damages, punitive damages play an integral role in the statutory scheme promulgated by the legislature and strong equitable considerations militate in favor of allowing a claim for common law punitive damages to survive a nursing home resident's death. There is some appellate court authority to support plaintiff's position. In *Raisl v. Elwood Industries, Inc.*, 134 Ill. App. 3d 170, 175-77 (1985), for example, a panel of the appellate court opined that a count seeking punitive damages in an action for retaliatory discharge predicated on the Workers' Compensation Act (now codified at 820 ILCS 305/1 *et seq.* (West 2006)) was viable, notwithstanding discharged employee's death, because, though not expressly provided for by the legislature in the Act, such damages are necessary to effectuate the statute's purposes. The appellate court in this case correctly noted, however, that the approach taken by *Raisl* and the other authorities cited by plaintiff is premised on a misreading of our decision in *Mattyasovszky v. West Towns Bus Co.*, *supra*, and cases which followed. 399 Ill. App. 3d at 1114-15; accord *Marston v. Walgreen Co.*, 389 Ill. App. 3d 337, 344-45 (2009). As we have just

explained, what our precedent requires is that there be express statutory authorization for punitive damages in order for a punitive damage claim to survive the injured person's death under the Survival Act. No such express authorization can be found in the Nursing Home Care Act. The Nursing Home Care Act does not provide for statutory punitive damages. It merely permits recovery of common law punitive damages where the right to such damages has been established. See *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d at 300. Under Illinois law, any right to common law punitive damages is lost once the injured party has died.

In reaching this conclusion, we are not unmindful of the substantial policy arguments which can be marshaled both for and against allowing common law punitive damages to be recovered based on willful and wanton violations of the Nursing Home Care Act even if the injured nursing home resident is no longer living. We note simply that such arguments are properly directed to the General Assembly, not this court. See *Froud v. Celotex Corp.*, 98 Ill. 2d at 335.


CONCLUSION

For the foregoing reasons, the circuit and appellate courts correctly concluded that the right to punitive damages based on willful and wanton violation of the Nursing Home Care Act (210 ILCS 45/1—101 *et seq.* (West 2006)) abates on the death of the nursing home resident alleged to have been injured by those violations. Because the nursing home resident involved in this case is deceased, there is no set of circumstances under which plaintiff could recover punitive damages even if he succeeded in establishing willful and wanton violations of the Nursing Home Care Act by Alden-Park Strathmoor. Accordingly, the circuit court did not err when it granted the facility's motion to strike from count III of plaintiff's amended complaint his reservation of the right to pursue recovery of punitive damages, and its judgment was properly upheld by the appellate court. We therefore affirm and remand to the circuit court for further proceedings consistent with this opinion.

Affirmed;

cause remanded.

JUSTICE FREEMAN took no part in the consideration or decision of this case.