2016 IL App (2d) 150468
No. 2-15-0468
Opinion filed April 27, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| SENSATIONAL FOUR, INC., | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 8-L-418 |
| | ) | |
| TRI-PAR DIE AND MOLD CORPORATION, | ) | Honorable |
| | ) | Judith M. Brawka, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Tri-Par Die and Mold Corporation, appeals the trial court's award of $100,000 in punitive damages in favor of plaintiff, Sensational Four, Inc, in a replevin action. On appeal, defendant argues that: (1) punitive damages may not be awarded in a suit for replevin; and (2) the punitive damages award violates defendant's due process rights. We vacate the punitive damages award.

¶ 2                                    I. BACKGROUND

¶ 3     On July 30, 2008, plaintiff filed a "Complaint In Replevin" alleging that defendant was wrongfully withholding from plaintiff two injection molds, including inserts, used for the manufacture of compartmentalized jars and lids. Plaintiff described the property as its "Injection Mold Tool *** Shaker Cup–Tall 6-Cell," valued at approximately $58,000, and its "Injection

Mold Tool *** Cap–6-Cell plus Lid," valued at approximately $41,000. Plaintiff prayed for an order of replevin and a judgment against defendant for possession of the property, the value of the property not delivered, and the damages for detention.

¶ 4    On August 14, 2008, the trial court granted plaintiff's request for an order of replevin, finding that plaintiff "established a *prima facie* case to a superior right to possession of the disputed property and [that plaintiff demonstrated] the probability that it will ultimately prevail on the underlying claim to possession." The trial court described the property at issue and stated that plaintiff had posted "bond of sufficient security in double the value of the property described." The trial court ordered the Kane County sheriff or another officer to take possession of the property and deliver it to plaintiff. Also, on August 14, 2008, the trial court entered an agreed order stating, "Defendant shall deliver the property described in the replevin order to Plaintiff's truck on August 22, 2008."

¶ 5    On November 12, 2009, plaintiff filed a petition for a rule to show cause against defendant's president, Bill Plocinski. The petition alleged the following. The trial court ordered defendant to return two molds belonging to plaintiff. On August 22, 2008, defendant delivered two molds but the "inserts for the molds were not the same inserts which Defendant originally created for Plaintiff." Defendant and Plocinski substituted other inserts for plaintiff's inserts and delivered the substituted inserts to plaintiff. Defendant still had possession of the original inserts, which were the subject of the replevin order. Further, defendant modified plaintiff's original inserts and used them to manufacture jars for Brand Castle, plaintiff's competitor. Defendant and Plocinski intentionally, willfully, and contemptuously failed to comply with the trial court's order of replevin. Plaintiff sought a rule to show cause compelling defendant and Plocinski to show why they should not be held in civil contempt for their willful failure to comply with the order of replevin.

¶ 6    On November 25, 2009, plaintiff filed an "Amendment To Complaint For Replevin." Plaintiff's amended complaint added four causes of action, titled as follows: "COUNT II – Breach of Fiduciary Duty," "COUNT III – Fraud," "COUNT IV – Unfair Competition," COUNT V – Tortious Interference with Business Relations."  In the fraud count, plaintiff alleged that it had filed a complaint for replevin and that defendant and Plocinski intentionally failed to comply with the trial court's replevin order.  Plaintiff attached its original replevin complaint and the trial court's replevin order as "Exhibit A" and "Exhibit B" respectively.  The amended complaint sought actual damages in excess of $500,000, punitive damages in excess of $250,000, and an injunction prohibiting defendant from using plaintiff's property to manufacture "tall six compartment jars."

¶ 7    On January 25, 2010, the trial court denied without prejudice plaintiff's rule to show cause.  The trial court stated that "*prima facie* evidence was lacking as to identity of inserts for molds and knowledge of order to Bill Plocinski, along with willful violation."

¶ 8    On February 8, 2011, defendant filed a motion for summary judgment as to counts II through V of plaintiff's amended complaint.  On March 16, 2011, plaintiff filed a cross-motion for summary judgment on those same counts and a response to defendant's motion for summary judgment.

¶ 9    On June 2, 2011, the trial court granted summary judgment in defendant's favor and against plaintiff on plaintiff's claim for breach of fiduciary duty and its claim for fraud.  The trial court denied defendant's motion for summary judgment as to plaintiff's claims for unfair competition and tortious interference with business relations.

¶ 10    On October 22, 2012, the remaining claims were heard at a bench trial.  At the close of plaintiff's case, defendant moved for judgment.  The trial court entered judgment in defendant's favor and against plaintiff as to its claims for unfair competition and tortious interference with

business relations. The trial court denied defendant's motion as to plaintiff's claim for replevin (count I).

¶ 11    On October 30, 2012, at the conclusion of the trial, the court found in favor of plaintiff on its replevin claim and ordered defendant to pay $1,186.08 in compensatory damages, $2,500 in punitive damages, and attorney fees and costs.

¶ 12    On November 29, 2012, defendant filed a motion to amend the trial court's October 30, 2012, order arguing that attorney fees are not recoverable by a plaintiff in a replevin action.

¶ 13    On November 30, 2012, plaintiff filed a motion for reconsideration, arguing that the trial court's award of punitive damages was inadequate. Plaintiff asked the trial court to make different findings of fact, specifically that defendant failed to return plaintiff's cores on August 22, 2008, defendant substituted different core inserts for plaintiff's, defendant received $62,392.72 for the jars it produced prior to August 22, 2008, and defendant made a profit of $45,712.29 using plaintiff's cores. Plaintiff requested actual damages based on its lost profits or on profits realized by defendant when it used plaintiff's cores to produce jars for a competitor, Brand Castles, between 2008 and 2010. Plaintiff also requested the trial court to award punitive damages commensurate with the benefit defendant received when it used plaintiff's cores. On November 10, 2012, plaintiff filed a petition for attorney fees in the amount of $162,306.30 and costs in the amount of $18,503.51.

¶ 14    On April 29, 2013, the trial court entered an order confirming its factual findings regarding the award of punitive damages, vacating "the award of $2,500 as punitive damages plus attorneys fees," and stating that "the Court requires further proof as to the amount of damages to be considered for an amount to be awarded as punitive damages." On July 23, 2013, after hearing testimony and arguments, the trial court took the matter under advisement.

¶ 15    On April 23, 2015, the trial court awarded plaintiff punitive damages in the amount of $100,000.  The trial court stated, in part:

> "As previously found by this Court at trial, facts showed Defendant wrongfully retained possession of Plaintiff's property for its own benefit for months after demand, continuing to profit from its own wrongful conduct even after the action for replevin was filed in August 2008, and Defendant was engaged in this litigation.  This evidences an egregious intentional action and Malice."

In addition, the trial court determined that attorney fees could not be awarded outright but could be considered when awarding punitive damages.  The court found that the attorney fees and costs incurred in the litigation of only the replevin claim were $10,000.

¶ 16    Defendant filed its notice of appeal on May 4, 2015.

¶ 17                                        II. ANALYSIS

¶ 18    Initially, we note that the appellate record does not contain transcripts of the trial and rehearing testimony (or a bystander's report of the proceedings).  Thus, plaintiff argues that we must affirm the judgment of the trial court because the record on review is incomplete.  Plaintiff contends that because defendant failed to provide transcripts of the proceedings, we must conclude that there was a sufficient basis for the trial court's decision to award punitive damages.  Plaintiff fails to recognize that its argument does not apply here, where the sole issue is one of statutory interpretation and the transcripts are not necessary for our review of the issue.

¶ 19    Defendant has the burden of presenting a sufficiently complete record of the proceedings at trial to support a claim of error.  *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  In the absence of a complete record on appeal, we will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis.  See *Webster v. Hartman*, 195 Ill. 2d 426, 433-34 (2001).  However, in this case, we are not asked to determine whether the

evidence presented at trial was sufficient to support the trial court's finding of fact; rather, we are asked to interpret a statute, the Replevin Act (735 ILCS 5/art. XIX (West 2008)), and determine whether it provides for an award of punitive damages. This is a question of law (see *Cirrincione v. Johnson*, 184 Ill. 2d 109, 116 (1998)), and the lack of a complete record does not bar our review (see *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003)).

¶ 20    Defendant argues that punitive damages may not be awarded in a suit for replevin. Whether punitive damages may be awarded for a particular cause of action is a question of law, which we review *de novo*. See *Cirrincione*, 184 Ill. 2d at 116; *Franz v. Calaco Development Corp.*, 352 Ill. App. 3d 1129, 1137 (2004).

¶ 21    We note that "punitive damages are not favored under the law." *Crittenden v. Cook County Comm'n on Human Rights*, 2013 IL 114876, ¶ 23. Further, the purpose of punitive damages is to punish a defendant and deter others from acting with actual malice or willful or wanton disregard for the rights of others. See *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 186 (1978).

¶ 22    "Replevin is strictly a statutory proceeding." *Gunn v. Sobucki*, 216 Ill. 2d 602, 613 (2005); see 735 ILCS 5/19-101 *et seq.* (West 2008); *Carroll v. Curry*, 392 Ill. App. 3d 511, 513 (2009). Whether damages are recoverable under the Replevin Act presents a question of statutory interpretation, which we review *de novo*. See *Goldfine v. Barack, Ferrazzano, Kischbaum & Perlman*, 2014 IL 116362, ¶ 20.

¶ 23    Our primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. See *id*. ¶ 21. The most reliable indication of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). "[W]hen the language of the statute is clear, it must be

applied as written without resort to aids or tools of interpretation." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 24    The legislature has indicated its intent to authorize punitive damages explicitly and implicitly.  Most clearly, the legislature has explicitly indicated its intent to authorize punitive damages by including in statutes the words "punitive damages" (see, *e.g.*, 415 ILCS 5/22.2(k) (West 2014) ("such person may be liable to the State for *punitive damages*" (emphasis added))). Further, in *National Bank of Bloomington v. Norkolf & Western Ry. Co.*, 73 Ill. 2d 160, 173-74 (1978), the supreme court held that the legislature explicitly authorized punitive damages in the Public Utilities Act by indicating its intent to award damages to punish willful acts (quoting Ill. Rev. Stat. 1969, ch. 111⅔, ¶ 77).  In *National Bank*, the supreme court interpreted the following provision of the Public Utilities Act:

> "[I]f the court shall find that the act or omission was *wilful*, the court may in addition to the actual damages, award damages for the sake of example and by way of punishment." (Emphasis added and internal quotation marks omitted.)  *Id*.

The supreme court stated, "Unquestionably, the Public Utilities Act intends to punish an offender and discourage similar offenses by allowing punitive damages to be awarded whenever an injury results from a defendant's wrongful and wilful statutory violation." *Id*. at 174.

¶ 25    Although not explicitly mentioned in a statute, common-law punitive damages are recoverable in addition to statutory damages where the language in the statute supports such interpretation.  See, *e.g.*, *Vincent v. Alden-Park Strathmoor, Inc.*, 241 Ill. 2d 495, 502 (2011).  In *Vincent*, the supreme court stated that common-law punitive damages were recoverable under the Nursing Home Care Act even though the Nursing Home Care Act did not explicitly provide for such relief. *Id*. (citing 210 ILCS 45/2-101 *et seq*. (West 2006)).  The supreme court interpreted section 3-603 of the Nursing Home Care Act (210 ILCS 45/3-603 (West 2006)), which provided

that "[a] resident may maintain an action under this Act for *any other type of relief*, including injunctive and declaratory relief, permitted by law." (Emphasis added.) See *Vincent*, 241 Ill. 2d at 502. The court also interpreted section 3-604 of the Nursing Home Care Act (210 ILCS 45/3-604 (West 2006)), which provided that the remedies afforded by the Nursing Home Care Act "are in addition to and cumulative with *any other legal remedies available* to a resident." (Emphasis added.) *Vincent*, 241 Ill. 2d at 502. The court stated that the above-mentioned provisions permitted common-law damages for willful and wanton conduct. *Id*.

¶ 26    In this case, no provision regarding replevin indicates the legislature's intent to authorize an award of punitive damages. The following sections of the Code of Civil Procedure (Code) address the remedies available in a replevin action:

Section 19-120 of the Code provides:

> "When property not found. When the property or any part thereof is not found or delivered as above stated, and the defendant is summoned or enters his or her appearance, the plaintiff may proceed, under the original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff or other officer, and as to the property not found and delivered, the plaintiff, if he or she recovers, shall be entitled to judgment for the value thereof or his or her interest therein, and such damages as he or she has sustained by reason of the wrongful taking and detention." 735 ILCS 5/19-120 (West 2008).

Section 19-125 of the Code provides:

> "Judgment for plaintiff. If judgment is entered in favor of the plaintiff in replevin, the plaintiff shall recover damages for the detention of the property while the same was wrongfully detained by the defendant." 735 ILCS 5/19-125 (West 2008).

Further, section 126.5 of the Code provides:

"Expenses. The plaintiff shall be allowed to recover as costs those expenses required by law or a law enforcement or court officer for the purposes of enforcing a judgment including levy bonds, replevin bonds, certification of court orders, recording certified orders or memoranda of judgment, and expenses for those assisting a sheriff or other court officer in enforcing court orders including, but not limited to, orders for possession, replevin orders, and personal property levies." 735 ILCS 5/5-126.5 (West 2008).

¶ 27    None of the foregoing provisions explicitly or implicitly provides for the recovery of punitive damages. The provisions do not contain any language indicating the legislature's intent to punish willful or wanton conduct. See *National Bank*, 73 Ill. 2d at 173-74. Further, the provisions contain no language indicating the legislature's intent to provide for common-law damages. *Vincent*, 241 Ill. 2d at 502 (quoting 210 ILCS 45/3-604 (West 2006)).

¶ 28    "The primary purpose of the replevin statute is to test the right of possession of personal property and place the successful party in possession of the property." *Carroll*, 392 Ill. App. 3d at 514. Where, as here, a plaintiff is successful on its claim to possession but the defendant fails to return the property, section 19-120 provides that the plaintiff is "entitled to judgment for the value thereof or his or her interest therein, and such damages as he or she has sustained by reason of the wrongful taking and detention." 735 ILCS 5/19-120 (West 2008). The plaintiff may also recover certain expenses and costs related to the execution of the replevin action. 735 ILCS 5/19-101 (West 2008). However, there is no authority under the statute to award punitive damages in a replevin action. If the legislature had so intended it would have so stated.

¶ 29    Accordingly, the trial court had no statutory authority to award punitive damages on plaintiff's replevin claim.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated, we affirm the judgment of the trial court but vacate the award of $100,000 in punitive damages.

¶ 32    Affirmed in part and vacated in part.