
FILED
Nov 13 2019, 9:29 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery Overstreet, | November 13, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-1114 |
| v. | Appeal from the Dearborn Circuit Court |
| State of Indiana, | The Honorable James Humphrey, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 15C01-1408-F5-55 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jeffery Overstreet (Overstreet), appeals the trial court's Order, revoking his probation and imposing the balance of his previously suspended sentence.

We affirm.

# ISSUE

Overstreet presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion by revoking the balance of his previously suspended sentence following his admission to having violated the conditions of his probation.

# FACTS AND PROCEDURAL HISTORY

On August 4, 2014, in Dearborn County, Indiana, the State filed an Information, charging Overstreet with Count I, criminal confinement resulting in bodily injury, a Level 5 felony; Count II, domestic battery, a Class A misdemeanor; and Count III, interference with the reporting of a crime, a Class A misdemeanor. On August 7, 2014, Overstreet was released from jail after he posted a cash bond. On April 1, 2016, Overstreet pleaded guilty to the Level 5 felony criminal confinement resulting in bodily injury. In exchange, the State dismissed the other charges. The trial court then sentenced Overstreet to the Indiana Department of Correction (DOC) for six years, with the entire sentence suspended to probation. Overstreet's probation was to be supervised by the Dearborn County Probation Department.

[5]     At the time of his sentencing in the current cause, Overstreet was serving a sentence in the "Kentucky Department of Corrections" (Kentucky DOC) for a separate offense. (Transcript Vol. II, p. 19). On July 17, 2017, the Kentucky DOC released Overstreet. Overstreet was required to report to the Dearborn County Probation Department for his probation on July 20, 2017. However, because Overstreet was a resident of Kentucky, the Dearborn County Probation Department transferred Overstreet's probation to Kentucky.

[6]     On February 12, 2019, the State filed a Request for Probation Violation Hearing, alleging that:

> On or about October 16, 2018, [Overstreet] submitted to a drug screen as directed by Kentucky Probation and Parole and subsequently tested positive for Amphetamines/Methamphetamines and THC; and that on or about November 6, 2018 and November 20, 2018, [Overstreet] submitted to drug screens for Kentucky Probation and Parole and subsequently tested positive for THC. These are violations of probation.

(Appellant's App. Vol. II, p. 100).

[7]     On March 19, 2019, the trial court conducted a probation revocation hearing and Overstreet admitted to the allegations. On April 24, 2019, the trial court conducted another dispositional hearing during which Dearborn County Probation Officer Steve Miller (Miller) testified. Miller stated that a probation violation was not filed immediately after Dearborn County probation officers learned of Overstreet's positive drug screens because "Kentucky did not send

this in a manner in which they were pushing for a probation violation to be filed at that point. They were still . . . willing to continue to work with [] Overstreet, give him some suggestions for treatment and to continue on with his supervision." (Tr. Vol. II, p. 21). Miller then added that he learned through Kentucky Probation and Parole officials that Overstreet had been recommended for substance abuse treatment on two separate occasions in November 2018. On re-direct examination, Miller explained that it was his opinion that, irrespective of "whether [] Overstreet was participating in treatment one hundred percent (100%) or zero percent (0%), the probation violation needed to be filed based on these allegations." (Tr. Vol. II, p. 34). At the conclusion of that hearing, the trial court took the matter under advisement. The trial court then reconvened at a separate hearing on April 29, 2019, and it revoked Overstreet's probation ordering him to serve the balance of his previously suspended sentence in the DOC.

[8] Overstreet now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Overstreet appeals the trial court's Order, revoking his probation and imposing the balance of his previously suspended sentence. "Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if these conditions are violated. *Id*. We review the appeal from a trial court's probation determination and sanction for an abuse of

discretion. *See id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). A probation hearing is civil in nature and the State need only prove the alleged violation by a preponderance of the evidence. *Id*.

[10] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition has occurred. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id*. However, where, as here, a probationer admits to the violations, the trial court can proceed immediately to the second step of the inquiry and determine whether the violation warrants revocation. *Id*. In determining whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *See id*. Once a violation has been found and revocation of probation is warranted, the trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h).

[11]     Overstreet argues that there was no benefit in placing him in the DOC and this "extreme sanction does not comport with the violations [he] committed." (Appellant's Br. p. 11). He continues by stating,

> that this is his first violation in this case, that he was working on addressing his drug use and the violations do not warrant such a severe revocation. In fact, after failing the three (3) drugs screens, a violation was not filed[,] and Overstreet was referred for treatment of which he was actively engaging in and no further failed drug screens were presented.

(Appellant's Br. p. 10). In support of his position, Overstreet relies on *Heaton v State*, 948 N.E. 2d 614 (Ind. 2013). *Heaton* addressed an issue regarding whether the trial court applied the correct standard to prove that Heaton had committed a new criminal defense in a probation revocation proceeding. *Id.* at 616-17. Our supreme court concluded that the trial court had not applied the correct standard and, given the nature of Heaton's remaining violations, it was remanded to the trial court for further proceedings, ordering the trial court to determine if Heaton had violated the terms of her probation and what sanction was appropriate. *Id.* at 618. Our reading of *Heaton* does not allow this court to conclude that trial courts are barred from revoking a person's probation where they have submitted and admitted to several failed drug screens, or that a trial court abuses its discretion by revoking probation based on a first-time violation.

[12]     At the probation revocation hearing, Overstreet admitted to testing positive for illegal drugs—*i.e.*, methamphetamine, amphetamines, and marijuana—on October 16, 2018, November 6, 2018, and November 20, 2018. His three

positive drug screens are hardly mere "technical" violations of probation. Overstreet then argues that in light of his ongoing struggle with substance abuse, he should be placed in Purposeful Incarceration where he would continue to receive the substance abuse treatment he deserves. The record shows that Overstreet's past criminal history involves "six felony convictions, eight probation violations, twenty-two (22) misdemeanors, []numerous attempts at treatment involving drug court" in early 2000, and alcohol and substance abuse treatment during the time he was recently incarcerated in the Kentucky DOC. (Tr. Vol. II, p. 27). We are not convinced with Overstreet's arguments on appeal. Contrary to his argument, the same substance abuse treatments are offered in the DOC. Also, we note, as did the trial court, that Overstreet has received extensive treatment for his substance abuse in the past, but nevertheless continues to abuse drugs. Overstreet has been shown considerable leniency and given multiple opportunities to address his addiction, all to no avail. In sum, when Overstreet agreed in his plea agreement that the trial court could place him on probation, he impliedly agreed to comply with the terms of any such probation and to the imposition of any punishment or consequence for violating probation. Overstreet admitted to using drugs. Upon finding a probation violation, the trial court was then required to look to the terms of the probation revocation statute, specifically Indiana Code section 35-38-2-3(h), for the potential consequences to be imposed for Overstreet's violation of probation. That section gave the trial court authority to order execution of all or part of Overstreet's sentence that was suspended at the time of initial sentencing upon finding that Overstreet had violated a condition of his

probation. Thus, the trial court did not abuse its discretion by ordering Overstreet to serve five years, the balance of his previously suspended sentence.

# CONCLUSION

[15] In sum, we conclude that the trial court did not abuse its discretion by revoking Overstreet's probation. Accordingly, we affirm the trial court's Order that Overstreet serve the balance of his previously suspended sentence.

[16] Affirmed.

[17] Vaidik, C. J. and Bradford, J. concur